(Atlanta,
WRIT OF ERROR—CERTIFICATION OF RECORD WITHIN" LAWFUL TIME—DILIGENCE OF PLAINTIFF.—If the transcript of the record be not certified or sent up to this Court within the time prescribed by the statutes and the rules of this Court, and no diligence to procure it to be done, by the counsel for plaintiff in error, appears, the writ of error will be dismissed. (R.)
ASSIGNMENT OF ERRORS—S'UFFICIENCY.—It is not a sufficient assignment of errors, as to a charge of the Court set out in extenso, to say that each and every part of it is error. McCay, J., dissented from the judgment of the Court, upon the ground that there was.-another sufficient assignment of error, as to the rejection of evidence. He thought that that could be heard, though the charge could not be reviewed. (R.)
The bill of exceptions was filed in the office of the Clerk below on the 29th of December, 1869. The record was certified on the 7th of April, 1870. It was sent here so late that it did not reach the office of the Clerk of this Court, till the 13th of May, 1870.
The bill of exceptions, after stating the evidence, etc., set forth the charge of the Court in extenso, covering over three pages of foolscap paper and then said: _ “Complainant excepted to the charge of said Court, to each and every part thereof, and now here assigns the whole of said charge as error.” It assigned another error, as to ruling out certain evidence.
*When the cause was called here, counsel for defendant -in error moved to dismiss the writ of error, because it was set up too late and because the assignment of errors, as to the charge of the Court, was not as plain and -specific as was required by the law. The cause was dismissed upon both grounds.