SAULSBURY, RESPESS & CO. *vs.* WIMBERLY.

1. A request not warranted by the evidence should not be given in charge.
2. Notice to an agent of matters connected with his agency is notice to the principal.
3 A general exception to an entire charge will not be considered.

Charge of Court. Notice. Principal and agent. Practice in the Supreme Court. Before Judge Crawford. Talbot Superior Court. September Term, 1877.

Reported in the decision.

HALL, SON & POE; WILLIS & WILLIS, for plaintiffs in error.

· BLANDFORD & GARRARD; J. M. MATTHEWS; J. M. RUSSELL, for defendant.

WARNER, Chief Justice.

This was an action of trover brought by the plaintiffs against the defendants, to recover the possession of eight mules, of the alleged value of one thousand dollars. The defense set up by the defendant was, that the mules sued for were the separate property of E. M. Wimberly, the wife of A. P. Wimberly, and that the plaintiffs had no legal or valid title to the property sued for, which would entitle them to recover it.

On the trial of the case, the jury, under the charge of the

court, found a verdict in favor of the defendant, and the case comes here upon a bill of exceptions to the charge of the court to the jury, and refusal to charge as requested. It appears from the evidence in the record, that on the 28th of January, 1874, A. P. Wimberly and his wife, E. M. Wimberly, executed a deed to the plaintiffs, conveying to them the mules sued for, and that on the same day the plaintiffs executed their bond, payable to said A. P. Wimberly, in which they bound themselves to re-convey said property on condition that said A. P. Wimberly should pay to them certain drafts drawn by him, payable to them, for advances made, and to be made, to the amount of $1,233.00, which the deed conveying said property was intended to secure as stated in said bond. There was evidence that the mules were the separate property of Mrs. Wimberly, and purchased with her money; and there was also evidence that before, and about the time, the deed was executed, Bateman, the plaintiff's agent, was told that Mrs. Wimberly claimed the property, when the agent said he had the claim against Wimberly, and was uneasy about it, and that they proposed to fix up an arrangement of this sort, and the witness told him he would not do anything as against the wife. There were several witnesses examined on both sides, but as there was no motion for a new trial, it is not necessary to consider the evidence, except to see whether there was error in the charge of the court in refusing to charge as requested.

The plaintiffs requested the court to charge the jury, that if the plaintiffs had no notice, at the time the deed was executed, that the property conveyed therein was the property of the wife, and she stood by at the time and did not give them notice of the fact, but joined her husband in making the deed, then she is estopped from afterwards setting up her title to the property. There was no error in refusing this request, in view of the evidence in the record, that the plaintiffs' agent, who was present and a subscribing witness to the deed and bond, had notice that Mrs. Wim-

berly claimed the property as belonging to her. Notice to the agent of any matter connected with his agency is notice to the principal. Code, §2200.

The court charged the jury as follows: "Saulsbury, Respess & Co. bring an action of trover for the recovery of certain mules described in this suit from A. P. Wimberly. They claim that the property belongs to them, and that they have a right to recover it upon a deed which was made by A. P. Wimberly and his wife, E. M. Wimberly, to them, and that, by virtue of that deed, they are the true owners, and entitled to the property itself, or its value.

"The defendant, in reply, says that the mules belong to Mrs. Wimberly, are her individual property, and not the property of A. P. Wimberly, and that they belonged to her at the time of the execution of the deed. They further say, that the deed was made to pay a debt contracted by the husband, A. P. Wimberly, and upon which E. M. Wimberly, the wife, was in no way liable. For these reasons, the defendant claims that the plaintiffs are not entitled to recover. The execution of the deed is not denied. The first question, therefore, for you to settle is, whether the property was, in fact, the property of A. P. Wimberly, or the property of his wife, at the time the deed was made. If it were the property of Wimberly, then the deed, with the consent of the wife thereto, would carry the title into the plaintiffs, and they would be entitled to recover it.

"The next questions are, was the property Mrs. Wimberly's? If so, what was the consideration for the deed? The defendant says it was hers, and that the consideration was the payment of a debt contracted by, and due from, Wimberly. If you find that the property was hers, and that this deed was made to satisfy a debt of his, then, under the law, it would be absolutely void, and plaintiffs could not recover under it.

"A wife cannot bind her separate estate by any contract of suretyship, nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a cred-

itor of her husband in extinguishment of his debts, is absolutely void.

"Plaintiffs' counsel insist, first, that the property was Wimberly's, but that even if you should find it to have been hers, that if she stood by and permitted the sale by her husband to be made, and signed the deed with him without setting up her title, then she was estopped ever afterwards from asserting it.

"The law makes no such qualification, and if you find that the property was hers at the time, and this deed was given to settle a debt of her husband's, she is not estopped from setting up the title to it as hers. She is protected by law from extinguishing, in this way, a debt of her husband's, and a deed made by her, under such circumstances, has no binding effect upon her. If the property were hers, the transaction is void; if it were Wimberly's, that is a different case, and the plaintiffs would be entitled to it. To estop her on the ground claimed by the plaintiffs, it ought to appear that she knew that they were acting under the belief, when the deed was made, that the property was his. Some notice to her would be necessary before she would be estopped, that they were dealing with Wimberly under the opinion that this property was his property alone, and not hers. If there were evidence to show you that she was informed of the fact, that they were dealing with Wimberly for his own property, and not as hers, then the question of estoppel might be considered, but there is no such evidence.

"Now then, if you believe that this property was Mrs. Wimberly's, that the title was hers at the date of the deed, and you further believe it was given for the purpose of extinguishing a debt of her husband, the court charges you that the deed is void, and that the plaintiffs cannot recover. But if, on the other hand, the testimony shows that the property belonged to Wimberly, then he had a right to deed it, and if she signed as an evidence of her consent, the plaintiffs' right is perfect, and they are entitled to recover."

To this charge, as given, the plaintiffs excepted, and al-

leged the same to be error, without specifying what particular part thereof was erroneous. The exception to the entire charge is too general to be considered by this court. If the plaintiffs in error were unable to discover errors in the charge of the court, and distinctly point out and allege the same in their bill of exceptions, it cannot be expected that this court will do so for them—if, indeed, there are any errors in it. See 4th rule of the supreme court, and Smith *vs.* Atwood, 14 *Ga. Rep.*, 604; 57 *Ga. Rep.*, 450.

Let the judgment of the court below be affirmed.