THE BRUNSWICK AND ALBANY RAILROAD vs. TOOMER, adm'r.

1. An exception to, and assignment of error upon, the entire charge of the court, without specifying any particular error therein, is too vague and indefinite to be considered by this court, unless the entire charge is illegal.
2. Where there is evidence to sustain the verdict, this court will not control the discretion of the superior court in overruling the motion for a new trial on the ground that the verdict is against the weight of the evidence.

Practice in the Supreme Court. New trial. Before

Judge CRISP.  Dougherty Superior Court.  April Term, 1878.

Report unnecessary.

WARREN & HOBBS, for plaintiff in error, cited 45 *Ga.*, 180; 51 *Ib.*, 470; 30 *Ib.*, 43; 47 *Ib.*, 546; 58 *Ib.*, 107.

D. H. POPE; STROZER & SMITH; S. HALL, for defendant, cited as follows: Error not plainly specified, Code, §4251; Rule 8 supreme court; 59 *Ga.*, 185.  On merits of case, Code, §3016; 48 *Ga.*, 423; 47 *Ib.*, 546; 55 N. H., 413; 20 Am. R., 220; 51 *Ga.*, 470; 30 *Ib.*, 43; 4 Cush., 291.

JACKSON, Justice.

Two points are made in this case: first, that the charge of the court is wrong; and secondly, that the verdict is against the evidence.

1. In respect to the first, it is enough to say that the exception is to the entire charge, without specifying what is wrong in it.  Such an exception will not be considered by this court unless all the charge is wrong.  *Saulsbury, Respass & Co. vs. Wimberly*, 60 *Ga.*, 78.

Much of this charge is certainly right, and if any of it be wrong, the plaintiff in error has not pointed it out in his bill of exceptions, and we cannot otherwise see it.

2. There is evidence to support the verdict.  One witness swears that the injury amounted to $25.00 an acre upon thirty-two acres taken by the company for right-of-way.  The other differs.  The jury believed the first.  The verdict is $1,000.  The $800 ($25.00 an acre multiplied by thirty-two acres makes that sum) might be increased by interest for several years from the time the land was taken and the bale of cotton destroyed, which would amount to more than the verdict.  Therefore, the presiding judge did not abuse his discretion in sustaining the verdict, and the judgment is affirmed.

Judgment affirmed.