SLOAN *v.* THE GEORGIA PACIFIC RAILWAY COMPANY.

A brakeman upon a railway who is under orders always to couple cars with a stick, and who has been in the employment of the company for a considerable time and has always heard that such was the rule of the company (as it in fact was), cannot recover of the company for an injury to his hand sustained whilst endeavoring to make a coupling directly with his hand without the use of a stick. It makes no difference that other employees frequently or customarily disregarded the rule unless the company, with knowledge of their practice, acquiesced in it in a way to sanction it, or practically to abrogate the rule. Nothing less would relieve the plaintiff from abiding by his uniform orders.

October 10, 1890.

Negligence. Railroads. Master and servant. Before Judge VAN EPPS. City court of Atlanta. December term, 1889.

Reported in the decision.

HOKE & BURTON SMITH, for plaintiff.

JACKSON & JACKSON, for defendant.

BLECKLEY, Chief Justice.

The plaintiff's hand was injured whilst he was between the cars endeavoring to make a coupling by the direct use of his hand. He testified at the trial that he had been in the employment of the company for a considerable length of time, and said : "I have always heard that it is the rule of the company to couple with a stick. That is what I have always heard. Those were my orders to always couple with a stick." The printed rules of the company contained this clause : "Cars must not be coupled by hand; sticks for the purpose long enough to prevent going between the cars will be furnished on application in Atlanta, Birmingham and Columbus, M." It thus appears that the plaintiff's information as to the rule was correct. He had provided himself with a stick of his own selection, which he thought was more suitable for the purpose than those

furnished by the company, and this stick he had endeavored to use in making this particular coupling; but failing to succeed, he went between the cars and tried to accomplish the work with his hand. Had he abided by the rule of which he had always heard, and by the orders which had been given to him, it is manifest that the injury of which he complains would not have been received. Whatever fault there may have been in other employees, that fault would have been harmless to him if he had not violated his instructions. The whole pressure of the case, therefore, is upon the question whether he ought to be excused for committing such violation. The court charged the jury that "It would make no difference (if you find that he knew of the rule or that the facts in evidence charged him with notice of it), that other employees frequently or customarily disregarded it. To make this reply available as an excuse for non-observance by the plaintiff, you must be satisfied from the evidence that the defendant, the railroad company, knowing of the practice of employees to disregard it, acquiesced in it in such a way as to sanction it or as to be held practically to have abrogated it." We think this charge was correct in view of the fact that the plaintiff, besides having always heard that there was such a rule, had orders to always comply with it. Such being his orders, he should not have taken any license from the conduct of others, so long as he had reason to think that the rule was still in force and that he was expected to abide by it. This view of the subject disposes of several grounds of the motion for a new trial, and indeed, under the evidence, is decisive of the substantial merits of the whole case. Some of the grounds of the motion are very trivial, we might say almost frivolous, and to discuss them in detail would be a waste of time. It is sufficient to say that, in the light of the plaintiff's own

testimony, he has no cause for a new trial, for the one controlling reason that he owed the duty to the company as well as to himself to keep his hand out of the situation of danger in which he placed it. He knew his orders and they had always been invariable; there had been no exception. By violating them in this instance, he exposed himself to the very peril against which the company had endeavored to guard him. Why then should the company compensate him for a loss sustained by his own misconduct? The law is not so unreasonable as to require a new trial in a case like this over the finding of a jury and the approval of that finding by the trial judge.

The court committed no error in overruling the motion.                          *Judgment affirmed.*

On rules of work and their violation, counsel cited Wood M. & S. §§400, 401; 3 Wood's Railway Law, §332; Railroad Co. v. Plunkett, 2 Am. & Eng. R. R. Cases, 133; Fay v. Railroad Co., 11 *Id.* 193; Sprong v. Railroad Co., 58 N. Y. 56; Hayes v. Mfg. Co., 41 Hun, 407; L. R., M. R. & F. Co. v. Leverett, 48 Ark. 348.