BINION *v.* GEORGIA SOUTHERN & FLORIDA RY. CO.

1. When as the result of the trial of a case the judge directed a verdict for the defendant, and on a bill of exceptions sued out by the plaintiff such direction was by the Supreme Court ruled to have been error because the evidence had on the trial was conflicting, the effect of such ruling was to declare that it was error to direct a verdict because of such conflict. Such ruling, however, does not have the effect in any way of controlling the discretion of the trial judge, exercised after a second trial of the case when a verdict was rendered for the plaintiff, in granting a new trial on the application of the defendant, if such verdict was, in the opinion of the trial judge, contrary to the law or the evidence.

2. Under the rules of law which affect the liability of the company, in view of the evidence submitted, the judge did not abuse the discretion with which he is invested, in granting a new trial.

Argued January 4,—Decided April 26, 1902.

Action for damages. Before Judge Littlejohn. Dooly superior court. June 22, 1901.

*Guerry & Hall* and *J. T. Hill*, for plaintiff.
*Hall & Wimberly* and *Thomson & Whipple*, for defendant.

LITTLE, J. The plaintiff in error brought his action against the railway company, to recover damages for personal injuries which he alleged he had sustained while attempting to couple cars in the discharge of his duties as an employee of the company in the capacity of a train-hand or brakeman. The defendant denied liabil-

ity, and the trial was entered into in the superior court of Dooly county. At the conclusion of the evidence a verdict was directed by the presiding judge. The plaintiff in error excepted to this action of the judge, sued out a bill of exceptions, and assigned error thereon. This court ruled that the direction of the verdict was error, for the reason that the evidence was conflicting on the main issues in the case. 111 *Ga.* 878. On the second trial the jury returned a verdict for the plaintiff. The defendant made a motion for a new trial on a number of grounds, and the motion was granted by the presiding judge in the following order: " On the first trial of this case the court was of the opinion that the plaintiff was not entitled to recover, and directed a verdict in accordance with that opinion. The Supreme Court reversed that judgment, holding that there were certain issues that should have been submitted to the jury. I do not understand, by this reversal, that the trial court was to be bound by the finding of the jury on those issues. If I so considered it, I most certainly would not interfere with the verdict last rendered. If such was the effect of the judgment of reversal, I have no reason to doubt that a second reversal will follow. . . . After a careful review of the record in this case, I am of the opinion that the verdict is contrary to evidence, without evidence to support it, and under the facts of this case a verdict in favor of the plaintiff is illegal and contrary to the law.". It is now contended by the plaintiff in error, with earnestness, that the questions made by the present record are res adjudicata, and that the only question made therein was made in the former trial of this case and passed upon by this court; and it is insisted, for these reasons, that the judgment of the trial judge granting the motion for a new trial should be reversed. The main issues on the former trial were: (1) Whether the employee's failure to get a coupling-stick was due to fault on his part or on the part of the company. (2) Whether the non-observance of the rule to make all couplings with sticks was so general as to raise the presumption that such non-observance was so known to the company as to lead the employee, although he was shown by the evidence to have had full notice of the rule, to believe that it was abrogated. (3) Whether there was any negligence on the part of the company in running the train back to make the coupling. It is true that the same issues arise under the evidence in the present case; but in passing

upon the question whether the trial judge erred in directing a verdict for the defendant on the first trial, while saying that the evidence on these issues was conflicting, this court did not pass on the degree of conflict which was raised by the evidence on that trial.

1. The law in the Civil Code, § 5341, declares that where there is no conflict in the evidence, and that introduced, with reasonable deductions or inferences therefrom, demands a particular verdict, the court may direct the jury to find for the party entitled thereto. Necessarily the converse of this declaration is of equal force, and where there is a conflict in the evidence which does not demand a particular verdict, such may not be directed. Giving to the ruling heretofore made by this court in the present case its full force and effect, it only went to the extent of determining that there was a conflict in the evidence, and that a verdict for the defendant was not demanded by such evidence. There is nothing in the judgment of this court which in any way qualifies the power and discretion with which the law invests the trial judge to grant new trials. It must therefore be apparent that the questions made in the present case are not res adjudicata because of this court's former decision, notwithstanding the same questions appear in the present record which appeared in the former. The contention that the judgment below must be reversed for this reason is not sound.

2. As we view the present record, it was not only shown clearly that the railway company had a rule which strictly prohibited coupling cars by hand, but the great preponderance of the evidence was to the effect that the plaintiff in error knew of the existence of this rule, and bound himself in writing, at the time of his employment, to observe it. If these things are true, and the plaintiff in error was injured in an attempt to couple cars in that manner, then he could not recover, even if other employees frequently or customarily disregarded the rule, unless the company, with knowledge of their practice, acquiesced in a way to sanction it or practically abrogate the rule. *Sloan* v. *Ga. Pac. Ry. Co.*, 86 *Ga.* 15; *Rome & Carrollton Construction Co.* v. *Dempsey*, Id. 499. Certainly there was some conflict in the evidence as to whether the plaintiff in error had knowledge of this rule, but the judge might well have determined that the conflict at the most was slight. If he had, the brief of evidence does not furnish any sufficient basis for a finding that the rule had been abrogated by the company. The

Civil Code, § 5482, declares that the presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence, although there may appear to be some slight evidence in favor of the finding. See also *Central Railway Co.* v. *Harden,* 113 *Ga.* 453. Inasmuch, then, as the judge, in the exercise of his judicial discretion, determined that the verdict rendered in favor of the plaintiff was contrary to the evidence, and that under the facts of the case a verdict for the plaintiff was illegal and contrary to law, and such opinion was formed with full opportunity to judge the value of the evidence submitted, we can not, in view of our estimate of the evidence on the material points in the case referred to above, and the rules of law applicable thereto, say that he erred in setting aside the verdict and ordering a new trial.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*