## BINION *v.* GEORGIA SOUTHERN & FLORIDA RY. CO.

</div>

1. In a suit for damages against a railroad company by one of its brakemen,
   where the defense relied upon by the company was that the plaintiff's inju-
   ries were caused by his disregard of a rule of the company, of which he had
   notice and by which he was bound, and which required him to use a "stick"
   in making all couplings, evidence that the conductor in charge of the train
   at the time the injuries were received, and other conductors of the defend-
   ant ,company, under whom the plaintiff worked, knew that he had no
   "stick" was properly excluded, there being nothing to impute such knowl-
   edge of the conductors to the defendant so as to give rise to the presump-
   tion that by acquiescence in the violation of the rule it had consented to
   its abrogation.

2. An assignment of error in a bill of exceptions, which complains that "after
   the plaintiff had offered in evidence the rules of said company in reference
   to the conduct of the trains, and especially rule 164, plaintiff's attorney of-
   fered to prove by the plaintiff  .  .  the same facts above set forth, which
   evidence was objected to by the defendant and which objection of the defend-
   ant was sustained by the court and the evidence ruled out," does not specify
   the evidence which was rejected, and the alleged error, with sufficient defi-
   niteness to permit of a ruling by this court.

3. The rule laid down in *Anderson* v. *Southern R. Co.*, 107 *Ga.* 501 (4), followed
   and applied, and held applicable to cases where the assignment of error is
   made for the first time in a bill of exceptions, as well as to cases where a
   motion for a new trial is first filed in the court below and error assigned in
   this court on the overruling of the motion.

4. The charge requested, being too narrow, and not stating a correct principle
   of law applicable to the case under consideration, was properly refused.

<div align="center">

Argued June 8, — Decided July 1, 1903.

</div>

Action for damages.    Before Judge Littlejohn.    Dooly superior
court.    September term, 1902.

*Guerry & Hall* and *J. T. Hill,* for plaintiff.
*Hall & Wimberly* and *R. C. Jordan,* for defendant.

CANDLER, J.    Binion sued the railroad company for damages
on account of personal injuries received while he was employed by
it in the capacity of train-hand, and while he was in the discharge
of his duties coupling cars on one of its freight-trains.    The com-
pany denied the allegations of negligence in the petition, and de-
fended on the ground that the plaintiff's injuries were due to his

own negligence in failing to comply with one of its rules requiring
the use of a "stick" in making couplings.     The case has been tried
three times.     On the first trial the court directed a verdict for the
defendant, and  on writ of error to this court the judgment was re-
versed, on the ground that the evidence raised issues which should
have been submitted to the jury.     111 *Ga.* 878.     The jury on the
second trial returned a verdict for the plaintiff, which was set aside
by the judge on motion for new trial, and his judgment was af-
firmed by this court.     115 *Ga.* 330.     On the trial which is now
under review the jury found for the defendant.     The plaintiff did
not file a motion for a new trial, but excepted directly to various
rulings and charges of the trial court.

1.     It was not denied by the plaintiff that the rules of the de-
fendant company required the use of a stick by its employees in
making couplings, nor that he failed to use a stick on the occasion
when his injuries were received.     He contended, however, that no
stick had been furnished him; that the company had at least con-
structive notice that he had no stick; and that it was therefore es-
topped to complain of his failure to use one.     In the bill of excep-
tions he assigns error upon the refusal of the trial court to allow
him to testify "that at the time he wanted to make this coupling
the conductor who had charge of said train knew that he had no
stick, and that said conductor and the other conductor under whom
he worked while employed on said road knew that he was coupling
cars without a stick."     There was nothing in the evidence to im-
pute this knowledge of the conductors (granting that it existed) to
the railroad company.     It was not made to appear that the plain-
tiff's failure to observe the rule requiring the use of a stick was so
well known by those having charge of the enforcement of the rule
as to give rise to the presumption that by acquiescence in its viola-
tion the company had virtually abrogated it.     It was not shown
that the conductor was such a representative of the company in
the enforcement of the rules governing its employees as that his
knowledge of their disobedience of such rules was the knowledge
of the company.     That being true, the evidence offered was irrele-
vant, and was properly excluded.     In the case of *Sloan* v. *Rail-
road Co.*, 86 *Ga.* 15, which is almost identical in its facts with the
present case, it was held : " It makes no difference that other em-
ployees frequently or customarily disregarded the rule, unless the

company, with knowledge of their practice, acquiesced in it in a way to sanction it, or practically to abrogate the rule. Nothing less would relieve the plaintiff from abiding by his uniform orders." See also *Binion* v. *Railroad Co.*, 115 *Ga.* 332.

2. The bill of exceptions further complains that " after the plaintiff had offered in evidence the rules of said company in reference to the conduct of the trains, and especially rule 164, plaintiff's attorney offered to prove by the plaintiff, Frank Binion, the same facts as above set forth, which evidence was objected to by the defendant, and which objection of the defendant was sustained by the court and the evidence ruled out." Just what were " the same facts as above set forth " we are left to conjecture. If reference is had to the evidence alluded to in the preceding assignment of error, which was passed upon in the first division of this opinion, it is not necessary to make a duplicate ruling thereon. If anything else was in the mind of the pleader, he failed to convey it to the minds of this court, and it is of course impossible for us to say that the court below erred in the ruling of which complaint is made.

3. Numerous assignments of error are made upon various portions of the charge of the court, the assignment in each case being in substantially the language of the first, which was as follows: " To which charge the plaintiff, Frank Binion, then and there excepted and now excepts and assigns the same as error, and says that the court erred in charging the jury as set forth in the above and foregoing extract from the charge of the court." A careful examination of each extract from the charge excepted to discloses that it stated rules of law which were in the abstract entirely correct, and which have frequently been laid down and applied in adjudicated cases by this court. No effort was made to show wherein they were specifically erroneous or harmful in the case at bar. In *Anderson* v. *So. R. Co.*, 107 *Ga.* 501 (4), the rules governing such general assignments of error on portions of the charge of the court were plainly and definitely laid down. That case has been followed in many subsequent cases, and it would seem that there should not now be room to question the rule of practice which it announced. By leave of court counsel on both sides filed supplemental briefs on this question, and we have carefully examined the numerous authorities therein cited. There can be no question as to the " sufficiency " of these assignments of error as against a motion to dis-

miss.   They are sufficient to bring in question the general, abstract correctness of the charges excepted to; and if one of these charges is found to be an incorrect statement of the law, and an inspection of the record discloses that it was prejudicial to the complaining party, it will work a reversal of the judgment of the court below. If, however, the charge is found to be correct in the abstract, this court will not go further and search through the record to ascertain if, for some particular reason not set out in the bill of exceptions, it was erroneous.    This is so for the very excellent reason that it is incumbent upon a party alleging error to point it out, and because, under the Civil Code, § 5584, it is expressly provided that this court *shall* not decide any question unless it is made by a special assignment of error in the bill of exceptions.   Civil Code, § 5569, providing that the Supreme Court shall not dismiss any case for want of technical conformity to the statutes or rules regulating the practice in carrying cases to that court, where there is enough in the bill of exceptions or the transcript, or both, to ascertain substantially the real questions involved, has nothing whatever to do with cases of this sort.    This is not a question of dismissal of a writ of error for want of technical conformity to the law; it is a question whether this court shall waste its time and expend its energies passing upon questions which are not made by the bill of exceptions, and an assignment of error in general terms that a charge is erroneous raises no question as to its specific harmfulness when applied to the case under consideration.

In the elaborate supplemental brief filed by the able and distinguished counsel for the plaintiff, attention is called to the fact that in the case of *Anderson* v. *So. R. Co.*, supra, and in the cases following it, the assignments of error upon the charge were made in a motion for new trial, while in the present case a direct bill of exceptions was filed and error assigned in the bill upon each portion of the charge separately.   This is quite true, as it is an almost universal custom in this State to bring up cases of this character by exceptions to the overruling of a motion for a new trial.   We fail to see, however, how there can be any difference in principle between the rule as to assignments of error in a motion for a new trial and in a bill of exceptions.   An exception to the effect that the court erred in overruling a motion for a new trial on the grounds therein stated is equivalent to incorporating each ground of the motion for

a new trial in the bill of exceptions and assigning error on it separately; and to hold that a different rule is applicable to direct assignments of error to portions of a charge in a bill of exceptions from that applicable to assignments of error in a motion for a new trial where error is assigned on the overruling of the motion as a whole would be to draw a distinction that is wholly unauthorized. It is pointed out, however, by counsel for the plaintiff, that in *Central R. Co.* v. *Bond,* 111 *Ga.* 17, a special reason is given why this rule is peculiarly applicable to cases where the assignments of error were first made in the court below, viz., "in order that it might be urged before and passed upon by the court below." This is excellent authority for the ruling now made; for if the judge of the trial court is entitled to have it appear, before his judgment upon a given point is reversed, that that point was raised on the trial, a fortiori is this court entitled to at least a like consideration when questions are argued before it as an original proposition, — it should not be called upon to decide points not made in the bill of exceptions.

We have carefully examined all the cases cited in the supplemental briefs of counsel for the plaintiff, and find nothing in any of them which conflicts with this view. *Taylor* v. *Reese,* 108 *Ga.* 379, holds that "if upon the trial of a criminal case, in a court whose judgments are directly reviewable by the Supreme Court, an error of law be committed the necessary effect of which is to control the verdict and thus deprive the accused of a fair and lawful trial, he may, without moving for a new trial, sue out a bill of exceptions for the purpose of having such error corrected." In the present case the right of the plaintiff to bring his case to this court by direct bill of exceptions is not in question. The vital difference between the two cases is that in the case cited specific assignments of error were made upon the charge of the court, by which it was made to appear that the charge injuriously affected the rights of the plaintiffs in error; while in the present case it is merely alleged that the court erred in giving certain charges which appear upon their face to be sound statements of the law, and no attempt is made to show wherein they worked harm to the complaining party. The case of *Warren* v. *Oliver,* 111 *Ga.* 808, holds that where a bill of exceptions, without in any manner attempting to specify wherein the alleged error consisted, merely states, in general terms, that the court erred in dismissing an appeal, and neither

such bill of exceptions nor the record discloses upon what ground or grounds the judgment of dismissal was based, or that the appeal was dismissed without the assignment of any reason for so doing, the writ of error must be dismissed for want of compliance with the Civil Code, §§ 5527, 5584.    The case of *Turner* v. *Alexander*, 112 *Ga.* 820, holds that a bill of exceptions must be dismissed when the only assignment of error is that the court erred in directing a verdict, and it appears that numerous questions were passed upon by the trial court, but it does not appear upon which of these questions he based the judgment directing a verdict.    We fail to see how either of these cases can be considered as authority for the contention that a general exception that the court erred in a given charge brings up for review anything more than the general question whether the charge is correct in the abstract.    The same comment is applicable to the case of *Hall* v. *Huff*, 74 *Ga.* 409, where a decree was rendered upon certain special findings of the jury in reply to questions submitted to them, and it was held that an assignment of error in the words : " To which judgment and decree the complainants excepted, and now except, and assign the same as error," was too general, and that the writ of error must be dismissed.    The cases of *Cleghorn* v. *Love*, 24 *Ga.* 605 (6), *Lopez* v. *McArdle*, 41 *Ga.* 414, *Saulsbury* v. *Wimberly*, 60 *Ga.* 78, *Reedy* v. *Brunner*, 60 *Ga.* 107, *Brunswick R. Co.* v. *Toomer*, 61 *Ga.* 253, and *Brassell* v. *State*, 64 *Ga.* 318, are authority for the well-known proposition that an exception to the entire charge, or to an extended portion thereof embracing different propositions of law will not avail unless the entire charge or the entire portion assigned as error be erroneous ; but none of these cases is in conflict with *Anderson* v. *R. Co.*, supra, nor the doctrine herein announced.

4. Error is also assigned upon the refusal of the court to charge the jury, as requested in writing by plaintiff's counsel, as follows : " If the defendant company agreed to furnish Binion a coupling-stick and failed to do so, it can not complain at his failure to use a stick, and it can not set up negligence on his part for failure to do so."    The fault to be found with this request is that it was entirely too restricted, and left out of consideration any question of whether the failure of the company to furnish the plaintiff with a stick (granting that it failed) was due to its own or to his negligence.    It was contended by the railroad company that Binion,

after signing a receipt for a stick, was told where the sticks were to be had and was directed to go there and provide himself with one; that he disregarded these directions and did not get a stick; and that his failure to have a stick on the occasion when he was injured was due to his own negligent omission to avail himself of the opportunity offered him by the company to provide himself with a stick. If this contention were established, of course the defendant could not be held responsible for his failure to have a stick. The charge requested by the plaintiff, if given, would have made it necessary for the company to show that, regardless of the negligence of the plaintiff in that respect, the company or its agents saw to it that he was provided with a stick. Furthermore, there was in evidence a rule of the railroad company which in the most positive and emphatic language forbade the coupling of cars by hand. It was contended by the defendant, and not denied by the plaintiff, that it was safer to couple cars with a stick than by hand. If, therefore, the plaintiff, with notice of the rules, violated them, and chose the more dangerous means to make the coupling in preference to the safe way, he was negligent, and his negligence would have defeated his recovery even though the company was itself negligent in failing to provide him with a stick. For these reasons the request to charge was properly refused.

The foregoing disposes of every question made in the bill of exceptions. We find no error in the rulings of the trial court, and will therefore not disturb its judgment.

*Judgment affirmed. By five Justices.*