## SOUTHERN RAILWAY COMPANY *v.* RAY.

1. The court erred in charging the jury as follows: "If the evidence discloses that such rule [of the railroad company] was habitually violated with the tacit approval and acquiescence of the employer, the defendant in this case, the employee is not guilty of contributory negligence in crossing his train or in working upon the same without first notifying other members of the train crew." The determination of whether the given state of facts constituted contributory negligence should have been submitted for determination by the jury.

2. Error is assigned on a charge of the court that if the jury should find from the evidence that the plaintiff while engaged in his duties as an employee of the railway company, and without fault on his part, undertook to pass between the cars of the train on which he was at work and while so doing was injured, and that this injury was caused by the negligence of the defendant or its employees "or" in any of the ways alleged in the petition, then the plaintiff was entitled to recover. The use of the word "or" was doubtless a mere slip of the tongue; but since the case is remanded for another trial, it is not necessary to decide whether the verbal inaccuracy requires the grant of a new trial.

3. On the trial of civil cases decisions of this court, and of other courts, and especially comments upon facts of other cases, should not be read by counsel to the jury.

4. In a suit seeking to recover damages for pain and suffering, it is not error for the court to instruct the jury that they may consider impairment of the ability to work and to labor as an element.

5. The charge on the subject of contributory negligence, excepted to in the eighth ground of the amended motion for a new trial, when considered in connection with the entire charge of the court, is not such as to require the grant of a new trial.

6. Inasmuch as the case is remanded for a new trial, this court will not pass upon the complaint of movant that the verdict was excessive.

7. None of the other grounds show error, nor are they of such character as will require special mention.

No. 3380.    MAY 16, 1923.

Certiorari; from Court of Appeals. 28 Ga. App. 792.

*Boykin & Boykin* and *Maddox, McCamy & Shumate;* for plaintiff in error.

*Thomas J. Lewis* and *J. K. Jordan,* contra.

GILBERT, J.  1.   This was a suit for damages against a railway company engaged in interstate commerce. The petition alleged, that petitioner was a brakeman on one of the trains of the defendant company; that his duty at the time and place required him to climb over and between the cars of the train, cool off hot boxes, and generally to look over and inspect said train and see that no "brake rigging" was down and that said train was in good order; that at the time of the accident the petitioner, after having cooled the hot boxes on said train, climbed up the ladder of one car for the purpose of crossing said train, as was usual and customary, to cool off a hot box on the other side of the train and inspect the same, when, without any warning or notice thereof, and without any signal, the engineer in charge of the running of the engine of said train started said train with a quick, sudden, violent, and unnecessary jerk, and petitioner was thrown from said ladder to the tracks below and injured. There were allegations of other acts of negligence, and allegations in regard to the exercise of care and diligence on the part of petitioner. The above statement is sufficient to afford a clear understanding of the assignment of error dealt with in this division of the opinion. Error is assigned by the plaintiff in error, defendant in the trial court, on the following charge to the jury: "I charge you further that if you believe from the weight of the evidence that at the time of the accident there was a rule of the defendant company known to the plaintiff, forbidding the employee of the company from going between the cars to work on the same, while the train was standing, without first notifying other members of the train crew, and that the plaintiff violated this rule and was therefore injured, he cannot recover for such injury from the defendant company. But if the evidence discloses that such rule was habitually violated with the tacit approval and acquiescence of the employer, the defendant in this case, the employee is not guilty of contributory negligence in crossing his train or in working upon the same without

first notifying other members of the train crew." The criticism is that there was no evidence to authorize that portion of the excerpt quoted, submitting to the jury the issue as to whether the company rule mentioned " was habitually violated with the tacit approval .and acquiescence of the defendant, the employer in this case." Other criticisms are " (e) the charge did not leave to the determination of the jury, under appropriate. instruction, the question as to whether the rule was abrogated, but on the contrary contains an assumption by the court that the state of facts outlined by the court would render the rule inoperative; and (f) it contains an adjudication by the court that under the conditions named, that is, the habitual violation of the rule with the tacit approval and acquiescence of the employee [employer], the defendant [plaintiff] would not be guilty of contributory negligence; when as a matter of fact the plaintiff might have been guilty of contributory negligence in going between the cars at all without regard to the rule of its habitual violation, and the jury should have been allowed to consider this and determine whether it was contributory negligence on the part of plaintiff.."

In our opinion the charge is subject to the last two criticisms, and the error is sufficiently harmful to require the grant of a new trial. It is unnecessary for us to search through the brief of evidence in order to determine whether or not a correct charge on that subject was authorized by the evidence in the case. In the latter part of the. charge of which complaint is made, and where the court uses the words, " if the evidence discloses that such rule was habitually violated with the tacit approval and acquiescence of the employer, the defendant in this case, the employee is not guilty of contributory negligence in crossing his train or in working upon the same without first notifying other members of the train crew," the court invaded the province of the jury. This amounted to an instruction by the court to the jury that certain facts enumerated would render the acts of the plaintiff consistent with ordinary care and caution, where in the absence of the enumerated facts the same acts of the petitioner would have constituted negligence. The court should have submitted to the jury the issue for their determination whether employees of the company frequently or customarily disregarded the rule with the knowledge of their practice acquiesced in by the com-

pany in a way to sanction or practically to abrogate the rule. It was an issue of fact whether or not the rule had been so disregarded as to impute knowledge to the defendant, so as to give rise to the presumption that by acquiescence in the rule the company had consented to its abrogation. *Sloan* v. *Ga. Pac. Ry. Co.,* 86 *Ga.* 15 (12 S. E. 179); *Binion* v. *Ga. So. & Fla. Ry. Co.,* 115 *Ga.* 330, 332 (41 S. E. 646), s. c. 118 *Ga.* 282 (45 S. E. 276). Irrespective of the company rule, the court could not say what facts would or would not amount to negligence.

2. Error is assigned on that portion of the judge's instruction to the jury where it was stated, in substance, that if the jury found from the evidence that the plaintiff, while engaged in his duties as an employee of the railway company, and without fault on his part, undertook to pass between the cars of the train on which he was at work, and while so doing was injured, and that the injury was caused by the negligence of the defendant or its employees " or " in any of the ways alleged in the petition, then the plaintiff was entitled to recover. The criticism is on the use of the word " or " instead of the word " and." The Court of Appeals held that the charge in the respect mentioned was inaccurate, but, considered in connection with the entire charge, the use of the word " or " instead of " and " would be taken as no more than a palpable slip of the tongue, not calculated to mislead the jury, and therefore not prejudicial error. Since the judgment will be reversed for the reason stated in the preceding headnote, we think it is sufficient to say that on another trial this inaccuracy will be corrected.

3. Another ground of complaint was that the court erred in allowing the plaintiff's counsel, while arguing the case before the court and jury, to read to the court in the hearing of the jury certain extracts from other designated personal-injury cases where there were large recoveries and the cases affirmed by the Court of Appeals. Counsel for the defendant objected to the reading of these extracts in the hearing of the jury, because they threw no light and were irrelevant to the law of the case, and were only read for the purpose of calling the jury's attention to the large verdicts rendered. No motion for a mistrial was made, but defendant's counsel moved the court to retire the jury while plaintiff's counsel read the extracts from the decisions. This motion

the court overruled, and allowed plaintiff's counsel to read the said extracts in the hearing of the jury. The Court of Appeals held that this action of the court did not require the grant of a new trial, because there was no motion for a mistrial. The judgment of the Court of Appeals in this respect was not erroneous, and undoubtedly is sustained by the authorities quoted. We deem it appropriate, however, to condemn the practice. Whether there is a motion for mistrial or not, it is better policy for the trial judge to refuse to allow arguments to be made to the jury consisting of facts not embraced in the record. In the present case the argument seems peculiarly harmful; but in view of the previous decisions of this court we merely add what was said in *Mays* v. *Mays,* 153 *Ga.* 835 (113 S. E. 154), at p. 836, as follows: " It has been frequently ruled that on the trial of civil cases decisions of this court, and especially comments upon the facts of cases, should not be read by counsel to the jury. *Hudson* v. *Hudson,* 90 *Ga.* 581 (3), 586 (16 S. E. 349) ; *Central of Ga. Ry. Co.* v. *Hardin,* 114 *Ga.* 548 (40 S. E. 738)."

4.   The sixth paragraph of the petition for certiorari is as follows: " In the seventh ground of petitioner's motion for new trial is set out the entire charge of the trial court on the measure of damages, and complaint of error thereon in the following respects: 'The jury was instructed by the trial court that as elements of damage plaintiff could recover for his pain and suffering as to which the law declared no standard except the enlightened conscience of impartial jurors, and that the jury may classify an impairment of ability to work and labor as an element of damage, and that it might be considered by the jury in connection with pain and suffering.' The court in the said charge nowhere instructed the jury that as to loss of labor in the past and an impaired ability to labor in the future the measure of plaintiff's damage was the value of his time lost and to be lost. Movant insisted that the charge was incorrect, in that the only measure of damage given by the trial court to the jury on the subject of lost time, past and future, was the enlightened conscience of impartial jurors instead of the monetary value of the lost time, and that this charge was error directly contributing to the large verdict rendered against your petitioner. The Court of Appeals ruled that your petitioner's contentions in this respect were un-

sound; that the charge of the court was correct and was not ground for a new trial. Petitioner assigns error on this ruling of the court, and says that the charge was error for the reasons set out in the motion for new trial, and the Court of Appeals erred in not so holding and deciding." The instruction here complained of does not require the grant of a new trial. It was not injurious to the railway company, defendant, to fail to instruct the jury that " as to loss of labor in the past and an impaired ability to labor in the future the measure of plaintiff's damage was the value of his time lost and to be lost." As to the other criticism, " the charge was incorrect, in that the only measure of damage given by the trial court to the jury on the subject of lost time, past and future, was the enlightened conscience of impartial jurors instead of the monetary value of the lost time," we see no reversible error. The court, in the excerpt quoted, did not undertake to instruct the jury at all on the subject of a recovery for lost time. The instruction had reference alone to a recovery for pain and suffering, and it has been frequently decided by this court that impairment of the ability to work and labor is an element of damage to be considered in connection with pain and suffering. *Metropolitan Street R. Co.* v. *Johnson,* 90 *Ga.* 500 (8) (16 S. E. 49); *A. & W. P. R. Co.* v. *Haralson,* 133 *Ga.* 231 (4) (65 S. E. 437); *Southern Ry. Co.* v. *Hutcheson,* 136 *Ga.* 591 (71 S. E. 802); *City of Atlanta* v. *Hampton,* 139 *Ga.* 390 (7) (77 S. E. 393).

5. The eighth ground of the amended motion for new trial is as follows: " The court erred, as movant insists, in charging the jury as follows: ' The defendant insists in this case that if there is any liability upon it, which they deny, as you understand, gentlemen, that the plaintiff was guilty of contributory negligence; in other words, that the plaintiff's own negligence caused his injuries. I charge you, gentlemen of the jury, that contributory negligence under the Federal employer's liability act, under which this suit is brought, involves the notion of some fault or breach of duty on the part of the employee; and since it is originally his duty to take some precaution for his own safety when engaged in a hazardous occupation, contributory negligence is sometimes defined as a failure to use such care for his safety as ordinarily prudent employees in similar circumstances would use.

Contributory negligence is the negligent act of a plaintiff, which concurring and co-operating with the negligent act of defendant, is the proximate cause of the injury.' Movant insists that this charge is error: (a) because it confused and intermingled the law applicable if the jury should find that the plaintiff's own negligence was the active, efficient cause of his injury, and not the negligence of the defendant, with the law applicable if the plaintiff's negligence in connection with negligence of the defendant's employees was the cause of the injury; in the first of which instances the jury should have been charged that the plaintiff could not recover at all; and in the second instance that he could recover, but the amount of his recovery would be diminished by the amount of default attributed to him. And (b) because it deprived the defendant of its defense that plaintiff's injury was brought about solely by his own negligence, and that he could not therefore recover anything; and reduced this defense to the proposition that plaintiff's negligence, however gross, and although it may have been the sole and efficient cause of his injury, merely went in mitigation of damages and did not defeat his recovery entirely." Considered in connection with the entire charge on the subject of contributory negligence as applicable to a case falling under the Federal employer's liability act, the charge of the court was not erroneous.

<em>Judgment reversed. All the Justices concur.</em>

RUSSELL, C. J., concurring specially. I do not think the opinion of the Court of Appeals was erroneous in any respect, save one. The practice of permitting counsel to read to the jury, as alleged, the conclusions of courts of last resort upon facts involved in specific cases cannot be approved. Upon this ground of complaint, as contained in the amendment to the motion for a new trial, I concur in the reversal.