THE ATLANTA STREET RAILROAD COMPANY *v.* JACOBS.

1. A declaration by a married woman against a street railway company for injury to her person, which alleges a definite personal injury which incapacitated her to walk without crutches, embraces by necessary implication the impairment of her capacity to labor.

2. It is not error to describe as pain and suffering a loss of capacity to labor occasioned by a physical injury, nor is it error to call attention to it separately after instructing the jury touching other pain and suffering.

November 10, 1891.

Damages. Charge of court. Married women. Before Judge VAN EPPS. City court of Atlanta. June term, 1891.

Mrs. Jacobs sued for damages from personal injuries, alleging that she had a separate estate. The other material allegations of her declaration are quoted in the opinion. Before the trial defendant moved to dismiss the case because plaintiff's husband was not joined in the suit, it appearing from the declaration that she was a married woman. This motion was overruled, and this ruling is one of the errors assigned. The jury found for plaintiff $3,000. Defendant's motion for new trial was overruled, and it excepted.

The evidence for plaintiff was to this effect: She was quite stout, weighing 165 or 170 pounds. She had twelve children, ten of them at home. Her oldest child was 32, and her oldest child at home was 28. Otherwise her own age did not appear. Before she was hurt she had been accustomed to doing most of the sewing for the family, using a sewing-machine, and did all of the cooking; since she was hurt she has had to employ a servant, not being able to do the cooking, and she cannot use a sewing-machine. Her husband is living, and there are three children living with them, over twenty years of age. She boarded a car of defendant, paid her fare, and when she got to the place at which she wished to stop, rang the bell. The driver stopped long enough to let her get to the rear platform and get down upon the step, but as she was about to step to the ground, and before he had stopped long enough for her to get off, he started the car and she fell. Both her

knees wore hurt; her right knee has never got well, and probably never will. She suffered much, and still suffers from the injury. She can get about in the house by holding to the walls and chairs, but cannot get around in the yard without a crutch, etc. The evidence for defendant was, that when plaintiff rang the bell the driver stopped the car, and plaintiff went out the rear door and fell; and that the car was not started nor moved at all until the driver went to her and helped her up.

In addition to the grounds that the verdict was contrary to law, evidence, etc., the motion for new trial alleges that the verdict was grossly excessive, and assigns error on the following parts of the charge of the court: " This duty of exercising extraordinary care embraces the duty of allowing the passenger reasonable time to alight in safety when the car, at the passenger's instance, stops for that purpose." Error, because it imposes upon defendant a greater duty than that imposed by law, the utmost duty imposed by law being, that a reasonably safe place be provided for alighting, and a reasonable time be allowed in which to alight; and after fully performing these duties, the defendant was discharged, though the passenger failed to alight in safety.

" And in this case, if you believe from the evidence that the plaintiff was a passenger of the defendant, and that she signaled the driver to stop, that she might get off, and the car did stop for that purpose, and that she went on the platform and upon the bottom step, and was in the act of stepping therefrom to the ground, the car being stationary, and that she was, by the starting of said car before she had completely left it, thrown upon the ground and injured, the law presumes in the first instance that her injuries were the result of defendant's negligence." Error, because the presumption of law was simply that defendant was negligent, and after this presumption arose, the burden of proof, as to her

injuries, was still upon the plaintiff; the presumption required rebutting proof upon the part of defendant as to the manner of the accident, and in no way extended to its results.

"A physical injury which destroys or impairs the power of a human being to labor is an actionable injury, and this is true though the person injured should be a married woman. A physical injury which impairs the capacity of a married woman to labor is classified by the law with pain and suffering. It is not to be measured by pecuniary earnings, for such earnings, as a general rule, belong to the husband, and the right of action for their loss is in him, but the wife herself has such an interest in her working capacity as that she can recover something, in a proper case, for its impairment, and what she is allowed ought to be more or less according to the nature of the injury and the length of time during which the pain and deprivation is likely to continue. Under such circumstances there is no known rule of law by which witnesses can give you in dollars and cents the amount of injury, but this is left, as I have remarked, to the enlightened conscience of impartial jurors." Error, because in this case the plaintiff could only recover for pain, and in the preceding section the court charged fully upon this branch of the case. The destruction of the power of labor was not a separate item for which a recovery could be had; it was but one element of pain. By giving this section in charge the court, in effect, allowed a double recovery for the same thing, and the jury promptly took advantage of the opportunity, as shown by the amount of the verdict. The impairing of plaintiff's working capacity was not an element of damages. If proper at all, it should have been submitted under the head of pain.

JOHN L. HOPKINS & SON, for plaintiff in error.

HOKE & BURTON SMITH and W. H. RHETT, contra.

Bleckley, Chief Justice.

1. The contention of the learned counsel for the rail-road company is, that it was error to submit the impairment of the power of a married woman to labor as a distinct element of damage, and allow her to recover for it.   He insists that this damage was not sued for, and that in another part of the charge of the court the entire subject of pain was dealt with; hence the jury were allowed to give for impairment of her power to labor what they pleased, even though it were greatly more than her husband would be entitled to recover were he the plaintiff in the action.   It is true that it is not expressly alleged in the declaration that the capacity of Mrs. Jacobs, the plaintiff in the court below, to labor, was impaired, but a definite injury to her person is alleged and described which incapacitated her to walk without the aid of crutches.   An injury which disables one from walking without crutches necessarily impairs to some extent ability to labor.   It follows that such impairment is embraced by necessary implication in what the declaration alleges.   The injury sued for being one which incapacitated the plaintiff to walk without crutches, and consequently one which impaired her ability to labor, compensation for this impairment of her physical perfection was a part of the redress for which the action was brought and to which the plaintiff, when she verified by evidence the case set out in her declaration, was entitled.   According to the declaration, the plaintiff "was thrown violently to the ground, striking her knees on the stone pavement of the street; the fall caused great pain and suffering and injury; she will always suffer from said injury, and her capacity for enjoyment has been greatly lessened; her knees were very much bruised, and the bones much injured; she has been compelled ever since to remain under the treatment of surgeons; she has been confined to her bed six

weeks, and has been unable to walk at all since the occurrence, except on crutches; the injury to her knee is permanent, and she will be compelled to use crutches all her life; she has been put to great expense and suffering on account of said injuries, and has been entirely unable to care for herself." She claims damages in the sum of $15,000.

2. Grant that the entire subject of pain was dealt with in a previous part of the charge of the court, the jury could not have understood from the instructions added on the subject of impaired power to labor that they were to give double damages for pain and suffering. On the contrary, they must have understood that the general instructions related to pain other than that discussed in the special instruction. It seems to us that the loss or material impairment of any power or faculty is matter for compensation irrespective of any fruits, pecuniary or otherwise, which the exercise of the power or faculty might produce; and irrespective, also, of any conscious pain or suffering which the loss or impairment might occasion. Every person is entitled to retain and enjoy each and every power of body and mind with which he or she has been endowed, and no one, without being answerable in damages, can wrongfully deprive another by a physical injury of any such power or faculty, or materially impair the same. That such deprivation or impairment can be classed with pain and suffering was ruled by this court in *Powell v. Railroad Co.*, 77 *Ga.* 200; and inasmuch as enforced idleness or diminished efficiency in offices of labor is calculated to give rise to mental distress, it is not error to describe the thing by its effects and call it pain and suffering. But it need not be so called necessarily, and consequently it was not misleading for the court to treat of it separately as a subject-matter for compensation in damages, although the plaintiff was a married woman.

Touching this element of her case, the measure of damages would be neither more nor less than that which the law recognizes for pain and suffering. There is no standard but the enlightened conscience of impartial jurors.

The other points made by the record were not argued by counsel; and if they embrace any error, we have been unable to discover it.          *Judgment affirmed.*