THE METROPOLITAN STREET RAILROAD CO. *v.* JOHNSON.

1. Counsel for the plaintiff in his opening address to the jury may make a full statement of what he expects to prove, although the plaintiff may be present in court and afterwards be introduced as a witness in her own favor as to the matters stated.

2. Where, in an action for personal injuries, the declaration alleges that all of the plaintiff's injuries will continue for a long time and prevent her having free use of her person, that the injuries to her side and arm are permanent, that she will not be able for a very long time, by reason of said injuries, to discharge her domestic duties, and that her capacity to earn money has been destroyed for a long period of time and permanently decreased one half, it is not error to permit a witness to testify that the condition of the plaintiff ten years hence, if it continues going on as it is, will be that of a confirmed invalid, the court instructing the jury that they cannot consider any permanent damage except to the arm and side, and that evidence as to the duration of other injuries can be considered only as showing that the injuries will extend for some time in the future.

3. A municipal ordinance may be proved by the production of the original book of ordinances, identified as such by the clerk of the corporation and shown to have come from his custody.  Notwithstanding the statute of Sept. 19th, 1891 (Acts 1890-1, p. 109), makes an official certified copy evidence, it is not the exclusive evidence.

4. Where the witnesses had been separated at the request of counsel, and one of them testified and afterwards remained in the court-room and heard the testimony of other witnesses, it was not error for the court to allow him to be again introduced to testify in rebuttal; it was certainly no abuse of discretion.  His having

heard the testimony of other witnesses would go to his credit, but would not render him incompetent.

5. A specific charge which is legal and adjusted to a distinct matter in issue, involving the right of the plaintiff to recover, and which may materially aid the jury, should be given as requested, although in principle and in more general and abstract terms it may be covered by other instructions given by the court. A request in this case to charge that " the precise thing which every person is bound to do before stepping upon a railroad track, is that which every prudent man would do under like circumstances. If prudent men would look and listen, so must every one else, or take the consequences so far as the consequences might have been avoided by that means," was legal and applicable, and should have been complied with. The case being a close one under the evidence, and its pressure being upon the matter as to which this charge was asked, the refusal of the request is ground for a new trial.

6. A new trial is not demanded because of the misconduct of counsel in his remarks to the jury, where it does not appear that any objection was made at the time or that the court failed to require counsel to desist, and where in his charge the judge characterized the remarks as improper and instructed the jury to disregard them. The proper method of taking advantage of any misconduct of counsel amounting to cause for a new trial, is by prompt objection and a request to withdraw the case from the jury. It is generally within the sound discretion of the court to grant this request, or, if the misconduct is not so gross as to require a mistrial, to forbid counsel to persist therein, and to instruct the jury not to allow the same to have any effect against the opposite party. If objection be made and a continuance asked for and refused, the refusal would be subject-matter for review on a writ of error after the final termination of the case.

7. The reasonableness or unreasonableness of a city ordinance regulating the speed of a train upon a street, is a question of law for the court to decide and not for the jury, unless it depends in the opinion of the court on the existence of particular facts which are disputed. In this case it was error to charge that the reasonableness or unreasonableness of the ordinance was a question for the jury.

8. The instructions excepted to as to damages for pain and suffering caused by diminished capacity to labor, were not error.

9. The instructions of the court in recharging the jury were the same as those approved in *Parker* v. *Railway*, 83 *Ga.* 539.

October 24, 1892.

Practice.     Conduct of trial.     Evidence.     Damages. Municipal    ordinance.     Witness.     Charge    of    court.

Negligence. Before Judge VAN EPPS. City court of
Atlanta. December term, 1891.

N. J. & T. A. HAMMOND, for plaintiff in error.

BURTON SMITH and W. H. POPE, *contra.*

SIMMONS, Justice.

The action was by Mrs. Johnson against the street
railroad company for damages from personal injuries.
She obtained a verdict for $1,800, and the defendant
made a motion for a new trial, which was overruled, and
it excepted.

1–4. The exceptions ruled upon in the first, second,
third and fourth head-notes do not require further dis-
cussion.

5. The injuries were caused by the plaintiff's being
run into by an engine of the street railroad company
while she was crossing its track in the city of Atlanta.
According to her testimony she had gotten off the car
when it stopped opposite a tank, and had walked on
beyond that point along Fair street and upon the side-
walk which ran parallel to the track, a distance of nearly
two blocks before reaching the point at which she was
injured. This point was at the intersection of Fair
street and the Boulevard. She testified that when she
had gone about half the distance between the tank and
the corner of these streets, she turned and looked be-
hind her to see if the engine and car were coming, and
upon reaching the corner and as she left the sidewalk
to go to the opposite side of Fair street, she again turned
and looked, and although she had a clear view and could
have seen the engine from that point to the tank and
beyond, she did not see or hear it approaching, so con-
tinued on her way, going diagonally towards the track;
she was not aware of the approach of the engine until
it struck her. The track was in the middle of the street,
and the width of the street from one sidewalk to the
other was forty feet. If we accept her account of the

occurrence, the engine and car must have run nearly two blocks without her seeing or hearing it, while she was walking a distance of about twenty feet. There was evidence that from the point where she was hurt an engine on the track could be seen for a distance of about three hundred or three hundred and fifty yards. It was in the daytime, about eleven or twelve o'clock. It does not appear that she was afflicted with any defect of sight or hearing, and her failure to see the engine, if she looked, could only be accounted for upon the supposition that it traveled the distance stated while she was walking from the sidewalk to the track. One of her witnesses testified that when he saw the engine it was running at the rate of about ten miles an hour, but he does not say that this was its speed at the point where the plaintiff was struck; the rest of her witnesses who testified as to the speed, stated that the engine was running a little faster than a mule could trot. The engineer testified that at first the engine was rolling down the hill towards the crossing at from ten to twelve miles an hour, but that about fifty or sixty yards before reaching the crossing he put on the brakes and reduced the speed to four or six miles an hour, and began ringing the gong and continued ringing it until the plaintiff was struck; that he did not see her go upon the track, his view being obstructed by the cab, and that when he saw her last before the engine struck her, she was approaching the direction of the track and was within ten or twelve feet of it. The conductor and fireman testified to a speed of from three or four to five or six miles an hour, and that the gong was rung as stated by the engineer, and the fireman also said that he holloaed repeatedly to the plaintiff to stop. Other witnesses did not hear the gong.

It seems clear from this testimony that if the plaintiff had looked, as she claims to have done, she would

have seen the engine; and if she did see it, it is equally clear that she could have avoided the injury. If by the exercise of ordinary care and diligence she could have avoided it, she would not be entitled to recover, notwithstanding the defendant may have been negligent; certainly not if the negligence was not so gross as to amount to wilful and wanton disregard of human life. It may be that the jury acted upon the theory that her recollection was at fault and that she did not in fact look and listen. In either view of the matter it was a vital question in the case whether she exercised due care under the circumstances. It was important that the jury should be instructed fully and explicitly upon the law applicable to these circumstances, and it was the duty of the court to give in charge any specific instructions requested by the parties which were legal and adjusted to the circumstances and which might materially aid the jury in arriving at a correct conclusion. Such, we think, was the character of the following charge requested by the defendant: "The precise thing which every person is bound to do before stepping upon a railroad track, is that which every prudent man would do under like circumstances. If prudent men would look and listen, so must every one else, or take the consequences so far as the consequences might have been avoided by that means." The trial judge, however, refused to give this charge as requested, stating that in this form it was misleading, and hence was not given in the language requested, "but in other language deemed by the court not misleading in character." The language of the request is taken from the decision of this court in *Richmond & Danville R. Co.* v. *Howard*, 79 *Ga.* 53, and in our opinion is not only a correct statement of law in the abstract, but was pertinent and adjusted to the case in hand. From further explanations in the note of the trial judge, it appears that he misapprehended its bear-

ing upon the question of damages for contributory neg-
ligence. The charge requested does not bar the recovery
of such damages, but says in effect that if prudent men
would look and listen, and the plaintiff failed to do so,
she must take the consequences of her neglect in so far
as she could have avoided the same by the exercise of
ordinary diligence. Though in principle and in more
general and abstract terms this charge may have been
covered by other instructions given by the court, we are
nevertheless of the opinion that it should have been
given as requested, and that the refusal of the request
was error. To this effect see *Thompson* v. *Thompson*, 77
*Ga.* 692(2), 697, where the refusal of the request was
held to be ground for a new trial. The misapprehen-
sion of the judge as to the legal effect of the request,
distinguishes the present case from that of *Holdridge* v.
*Cubbedge*, 71 *Ga.* 254, and other like cases which hold
that the failure to give a special request is not error
when the matter of the request is covered by the general
charge.

The evidence in this record, to say the least, makes a
very doubtful case for recovery. Upon the question of
the plaintiff''s diligence the case bears some resemblance
to that of *Atlanta & West Point R. Co.* v. *Loftin*, 86 *Ga.*
43, where the judgment was reversed and a new trial
awarded by this court. We deem it unnecessary, how-
ever, in this case to make any distinct ruling as to the
sufficiency of the evidence. It is enough to say that
the refusal to charge here complained of, taken in con-
nection with the case as presented by the evidence,
entitles the plaintiff in error to a new trial.

7. Although it is the duty of the trial judge, whether
so requested or not, to check improper remarks of
counsel to the jury, and to seek, by proper instructions
to the jury, to remove any prejudicial effect they may be
calculated to have against the opposite party, a verdict

will not be set aside because of such remarks or because of any omission of the judge to perform his duty in the matter, unless objection be made at the trial. A party will not be permitted to .sit by and allow such conduct to proceed without objection and without calling the attention of the court to it, and after verdict take advantage of it as ground for a new trial. It is as much his duty to object to improper argument as it is to object to improper evidence, and in the former case as well as in the latter, if he permits it without objection, he cannot demand a new trial on the ground that the jury may have been affected by it. If the remarks are considered so far prejudicial that their effect upon the jury cannot be counteracted, the party aggrieved may request that the case be withdrawn from the jury and a mistrial declared. It is generally within the discretion of the court to grant this request, or if the misconduct is not so gross, in the opinion of the court, as to require a mistrial, to rebuke counsel and forbid him to persist therein, and to instruct the jury not to allow the same to have any effect against the opposite party. If objection be made and a continuance asked for and refused, the refusal would be subject-matter for review on a writ of error after the final termination of the case. On this subject see 1 Thompson on Trials, §957 et seq.; Edwards v. State, 90 Ga. 143, 15 S. E. Rep. 744; Ozburn v. State, 87 Ga. 182(5); Washington v. State, Id. 15(3), and cases cited. In the present case it does not appear that there was any objection at the trial, and the court. in its charge characterized the remarks as improper and instructed the jury to disregard them.

6. The reasonableness or unreasonableness of a city ordinance regulating the speed of engines or cars on the streets, is a question of law for the court, and is not a question for the jury, unless it depends upon the

existence of particular facts which are disputed. Such an ordinance may be reasonable as applied to one locality, and unreasonable as applied to another. Although it may be reasonable as to populous parts of a city, it may not be so with reference to uninhabited districts near the corporate limits. If the nature of the locality is a matter of dispute, the court should furnish the jury with the test by which the reasonableness of the ordinance as applied to the particular locality is to be determined, instructing them as to the conditions under which it would apply and those under which it would not; and it would be for the jury to say whether or not the ordinance was reasonable and applicable, according as they might find these conditions to exist or not. *Central R. Co.* v. *Brunswick & Western R. Co.*, 87 *Ga.* 392, and cases cited; Horr & Bemis, Mun. Pol. Ord. §§239, 145. The expression in *Young* v. *Western & Atlantic R. Co.*, 81 *Ga.* 418, to the effect that the court below ought perhaps to have left it to the jury to say whether the ordinance was reasonable, instead of assuming its legality and charging them upon that assumption, was merely an incidental suggestion, no direct question having been made which would call for a ruling on this point. In the present case the court charged that it was for the jury to decide upon the validity of the ordinance, yet no issue of fact had arisen which would require the submission to them of the question of its reasonableness or unreasonableness in its application to the locality in which the injury took place. This we hold to be error. The error, however, was harmless, because, under the facts in the record, the conclusion of the judge as to the validity of the ordinance must have been the same as that involved in the finding of the jury, so far as their finding may be considered as having decided that question. Under the evidence there could be no doubt of its reasonableness as applied to the particular locality.

8. It was complained that the court erred in charging as follows: "A physical injury which impairs the capacity of a married woman to labor is classified by the law with pain and suffering. It is not to be measured by pecuniary earnings, for such earnings as a general rule belong to the husband, and the right of action for their loss is in him, but the wife herself has such an interest in her working capacity as that she can recover something, in a proper case, for its impairment or destruction, and what she is to be allowed ought to be more or less, according to the nature of the injury and the length of time during which the pain and deprivation is going to continue. Under such circumstances there is no known rule of law by which witnesses can give you the amount in dollars and cents as to the amount of the injury, but this is left to the enlightened consciences of an impartial jury." Under the ruling of this court in *Atlanta Street R. Co.* v. *Jacobs*, 88 *Ga.* 647, we think these instructions were proper.

9. The instructions of the court in recharging the jury were the same as those passed upon in *Parker* v. *Railway Co.*, 83 *Ga.* 539.          *Judgment reversed.*