## BRUSH ELECTRIC LIGHT AND POWER COMPANY
### *v.* SIMONSOHN.

1. The allegations of negligence in the petition were sufficiently specific and distinct to withstand the demurrer which was filed to the same.
2. In the trial of an action for personal injuries, where there was evidence tending to show a permanent disability, it was not error, after having charged generally upon the subject of physical and mental suffering, to add: "You have the right to give damages for that mental suffering which a man may have from the consciousness that his earning capacity is injured for life. That is one element of damage."

3. The evidence, though conflicting, authorized the verdict. The charges complained of, when taken in connection with the general charge, were not erroneous, and there was no error in refusing a new trial.

Argued February 9,—Decided March 18, 1899.

Action for damages.　Before Judge Norwood.　City court of Savannah.　August 31, 1898.

*J. L. Whatley* and *A. C. Wright,* for plaintiff in error.
*Seabrook & Morgan* and *R. R. Richards,* contra.

COBB, J.　Simonsohn sued the Brush Electric Light and Power Company for damages, alleging, in substance, that he was an employee of the Savannah Hospital and as such had right of ingress and egress to and from the grounds of such hospital; that the defendant is engaged in furnishing electricity for lighting the streets of the city of Savannah and for use in lighting the stores and dwellings of the city; that on a day named the defendant "negligently permitted or suffered one of its said wires, heavily charged with electricity, to lie in a fallen or detached condition in the yard or grounds of said hospital, and so carelessly and negligently kept and maintained its said apparatus on said public streets near said hospital that said wire became detached from the pole or poles upon which same was strung, whereby it fell from the public street into said yard or grounds, where it had no right to be, and there it was carelessly and negligently suffered to remain;" that not being aware of the presence of the wire or of the danger therefrom, petitioner accidentally came in contact therewith, and in consequence of such contact he was, by the electricity with which it was charged at the time, stricken down and shocked into a state of unconsciousness; that by reason of such injuries his right arm was dislocated and his left hand was burned and injured permanently; that he remained sick and disabled for months after the happening of the accident, and that his health and constitution are seriously impaired. There are also allegations as to the age, condition of the health of petitioner before he received the injuries, and as to decrease in his earning capacity, it being alleged that since receiving the injuries petitioner has been incapacitated from securing remunerative employment. The damages were laid at ten thousand dollars.

To this petition the defendant demurred upon the following grounds: (1) It does not appear from the petition that plaintiff has any cause of action against this defendant. (2) The petition does not set out plaintiff's cause of action, if any he has, fully and distinctly as to the negligence charged against the defendant. The demurrer was overruled; and upon the trial which followed a verdict was rendered in favor of plaintiff for five thousand dollars. A motion for a new trial filed by the defendant was overruled, and the case is here upon a bill of exceptions assigning error upon the judgment of the court overruling the motion for a new trial, and the decision overruling the demurrer.

1. Counsel for defendant in error contended that the demurrer filed was a general demurrer, while counsel for plaintiff in error insisted in his brief that the same was a special demurrer. If it were necessary to decide this question, we would be inclined to hold that the demurrer was general. But no matter how we treat it, we think it was properly overruled, as the allegations of negligence in the declaration are sufficiently explicit to put the defendant upon notice of what it was called upon to answer, and the demurrer does not point out a single particular in which the petition was defective.

2. Complaint is made that the court erred in charging as follows: "You have the right to give damages for that mental suffering which a man may have from the consciousness that his earning capacity is injured for life. That is one element of damage." That this is an element of damage was conceded by counsel for plaintiff in error in his brief, but complaint is made that the charge was error because the court had already charged in reference to the subject of damages resulting from mental suffering, and the effect of the language quoted was to lead the jury into giving double damages for this item; the language of the assignment being that "mental suffering arising from knowledge of diminished earning capacity is compensated for when the jury determine how much damages shall be awarded for such diminution, and is not proper subject of independent compensation." We do not think that the charge complained of was error, nor was it misleading, when taken in connection

with that portion of the charge of which it is an extract, which is as follows: "Upon the question of damages, I charge you that there are several elements of damages which may be considered, as you may find the evidence in the case. If you find there are permanent injuries, you have the right to give damages for that as a distinct item. If you find there was physical pain and suffering, you have the right to give damages for that as a distinct item. If you find there was mental suffering, you have the right to give damages for that as a distinct item. You have the right to give damages for that mental suffering which a man may have from the consciousness that his earning capacity is injured for life. That is one element of damage. The fact that a man is not able to work, or may be damaged for life, is a matter that the jury may take into consideration. You can give damages for diminution of earning capacity, if the evidence justifies you to find that his earning capacity has been diminished, and that defendant is liable therefor." See in this connection *Atlanta Street Railroad Co.* v. *Jacobs*, 88 *Ga.* 647.

3. The evidence was conflicting upon all of the material issues in the case. There was, however, sufficient evidence to authorize the jury to find for the plaintiff and assess the damages at the amount fixed by them, and we can not say as matter of law that the verdict was excessive. The charges complained of, which are not specifically dealt with above, were not erroneous for any of the reasons assigned, and, when taken in connection with the general charge, were not calculated to mislead the jury. We have found no error which would justify us in controlling the discretion of the trial judge in refusing to grant a new trial in the case.

*Judgment affirmed. All the Justices concurring.*