*Jule Fellon,* contra.

---

## 11611.   ROME RAILWAY & LIGHT COMPANY *v.* DUKE.

In a suit for damages on account of personal injuries resulting from a tort, where the petition alleges that the ability of the plaintiff to earn money has been decreased, it is error for the judge to charge the jury on this element of damages, unless there is some evidence upon which the jury can base with reasonable certainty a finding as to the amount of such damages.

DECIDED DECEMBER 16, 1920.

Action for damages; from Floyd superior court — Judge Wright.   May 15; 1920.

J. W. Duke brought suit against the Rome Railway and Light Company, alleging that when he was twenty-nine years old, and while in the discharge of his duties as an employee of said company,

his foot and ankle were broken, and that his injury was permanent; that it greatly marred the physical appearance of his foot; that he would have to go through life limping; that on account of this he suffered great "mortification and embarassment;" that "finally he was compelled to have his ankle rebroken by a specialist and a part of the bone removed," that even after this he had to have his right ankle cut open and another operation performed thereon, and that "he has constantly suffered the most intense pain from said injury, and will so suffer so long as he lives." He alleged that while he was descending an electric-light "pole by means of sticking said spurs into said pole, and when he had reached a point on said pole about twelve feet from the ground, the surface and that part of said pole into which he had stuck said spur for the purpose of holding his weight and going down said pole, because of the sappy, doty, and decayed condition thereof, gave way and permitted said spurs to cut through said sappy, doty, and decayed part thereof, and caused petitioner to fall violently to the ground on his right foot, a distance of twelve feet," resulting in the injury described. The petition alleged that before the injury he was capable of earning $60 per month, and but for injury would have attained an earning capacity of $100 a month, that because of the injury his ability to earn money had been decreased by one half; that he had been "put to a doctor's bill in the sum of $200," and had "lost labor in the sum of $500.00 or other large sum." He prayed that he recover the sum of $15,000. The trial resulted in a verdict for the plaintiff for $7,500. The defendant's motion for a new trial was overruled, and the movant excepted.

*L. A. Dean, Willingham & Covington,* for plaintiff in error.

*W. B. Mebane, Barry Wright,* contra.

BLOODWORTH, J. (After stating the foregoing facts). The evidence showed the amount which had been expended for doctor's bill, and that the plaintiff had lost about six months' time, but it did not show any specific percentage in the diminution of his ability to labor or his capacity to earn money. Complaint is made of the following charge to the jury: "He says he suffered a permanent injury and that his capacity to earn a livelihood has deteriorated a certain per cent. You will find out what the gross sum is, if any, if you can from the evidence, and how much he

probably will have lost for the remainder of his years, and find what the cash value of that would be at the present time, using any arithmetical means with which you are familiar to determine this. Now I charge you, in trying to fix the gross earnings of the plaintiff in this case, if you do, and in trying to determine what his lost services will amount to in future, that you should take into consideration the fact the plaintiff will grow older, with a possibility of diminishing ability to earn a livelihood in the latter years of his life." This was alleged to be error because "while plaintiff alleged in his petition that his ability to earn money had been reduced, yet there was no proof introduced upon the trial tending to show that plaintiff had lost any capacity to earn money; on the contrary, the uncontradicted proof shows that except for the loss of time while lying in and being treated, he had not been injured and damaged in his earning capacity, his own proof showing that since his injuries he has earned equally as much and more than he was earning before and at the time of his injuries." We think this point is well taken. When a person's capacity to labor has been permanently impaired by a physical injury wrongfully inflicted, and the facts authorize it, he may recover his actual pecuniary loss because of lost time, necessary expenses such as doctor's bills, and the pecuniary loss that comes from the actual diminution of capacity to earn money, and also for physical pain and suffering caused directly by the injury, and mental pain and suffering which follow from a consciousness that his capacity to labor has been diminished for life. *City of Augusta* v. *Owens,* 111 *Ga.* 465 (8), 479 (8) (36 S. E. 830); *Brush Electric Light & Power Co.* v. *Simonshon,* 107 *Ga.* 73 (32 S. E. 902); *Atlanta Street Railroad Co.* v. *Jacobs,* 88 *Ga.* 648 (2) (15 S. E. 825); *Powell* v. *Augusta and Summerville Railroad Co.,* 77 *Ga.* 200 (3 S. E. 757); *Atkinson* v. *Taylor,* 13 *Ga. App.* 100 (78 S. E. 830). Where damages for mental pain and suffering are sued for because of the consciousness of diminished capacity to labor, there can be a recovery "although no pecuniary loss therefrom be shown." *City of Atlanta* v. *Hampton,* 139 *Ga.* 390 (7) (77 S. E. 393). To measure this element of damages "there is no standard but the enlightened consciences of impartial jurors." *Atlanta Street Railroad Co.* v. *Jacobs,* supra; *Atkinson* v. *Taylor,* supra.

In *Atlanta & West Point R. Co.* v. *Haralson,* 133 *Ga.* 235 (65 S. E. 440), Justice Lumpkin said: "If a plaintiff seeks to recover for pecuniary losses resulting from lost time or permanent diminution of capacity to labor and earn money, he should introduce evidence on which to predicate such a recovery. But it has been held in this State that permanent diminution of capacity to labor is an element of damages for the consideration of the jury, in determining the amount of such recovery, along with evidence as to pain, suffering, disfigurement or the like, although no pecuniary value is proved by the evidence. It has been said that the loss of capacity to work is in the nature of pain, though no pecuniary loss be shown;" citing *Powell* v. *Augusta and Summerville R. Co.,* supra; *Atlanta Street R. Co.* v. *Jacobs,* supra; *Brush Electric Light & Power Co.* v. *Simonshon,* supra; *Metropolitan Street R. Co.* v. *Johnson,* 90 *Ga.* 500, 508 (16 S. E. 49). It is true that in the case of *Atlanta & West Point R. Co.* v. *Haralson,* supra, the judge charged, "If you find from the evidence that the plaintiff was injured, and that on account of such injuries the plaintiff's capacity to labor has been permanently lessened, then the plaintiff could recover therefor," and that he refused a request to charge: "Before the plaintiff can recover anything as damages on account of lessened ability to labor, he must show by the evidence that his capacity to labor has been lessened, and the pecuniary value thereof." The request to charge was too broad, and was erroneous because "the loss of capacity to work is in the nature of pain, though no pecuniary loss be shown." The foregoing excerpt from the charge in that case was held not erroneous, because the jury were "distinctly instructed that a right to recover on account of permanent impairment of capacity to labor, in the absence of proof as to earning capacity, did not authorize the recovery of anything on the latter ground, or for loss of time, that the plaintiff could recover nothing on these grounds, and that in arriving at their verdict they would allow nothing for loss of power or diminished capacity to make money or for loss of time, there being no evidence to authorize it. While the judge did not distinctly classify impairment of capacity to labor as being pain and suffering, under the ruling in *Atlanta Street R. Co.* v. *Jacobs,* supra, we cannot say that his charge on the subject was such as

to require a new trial." It will be seen that the charge in the *Haralson* case was sustained because it was broad enough to cover mental pain caused by lack of capacity to labor.

Under the facts in the case of *City of Augusta* v. *Owens,* 111 *Ga.* 464 (36 S. E. 830), the charge that "he would also be entitled to recover for his decreased capacity to work if you find from the evidence that the injury received is permanent" was sustained, the court saying in the opinion (p. 479): "This charge we do not think authorizes the jury to have any reference to his *diminished earnings,* but it has reference only to his diminished *ability* to labor. But there is authority for the position that such permanent diminution of one's power to labor constitutes an element of damages where it is the result of an injury sustained, though there be no evidence that it had any effect upon the *earnings* of the injured party. See *Powell* v. *Aug. R. Co.,* 77 *Ga.* 200, where the principle is laid down that one who has to live long in pain is more damaged than one who has to endure suffering but for a brief term. With reference to damages from pain, we quote the following from the opinion in that case: 'It may be thought that the loss of ability to labor is not pain, but this is a mistake. There is no greater blessing of life than ability to labor, even though the proceeds may belong to another. It is better for happiness, as well as for virtue, to work for nothing than be idle. A physical injury that destroys the power of a human being to labor is one of the most serious injuries that it is possible to inflict.' "

Where a recovery is allowed for permanent diminution of one's power to labor, and there is no evidence of diminished earning capacity, the recovery must be solely for mental pain caused by knowledge of such condition, and, as hereinbefore stated, the amount of such recovery must be measured by the enlightened conscience of impartial jurors, but it is only when there is evidence which would furnish the jury a reasonable basis upon which to estimate such a loss that there can be a recovery for the pecuniary damage resulting from the actual diminution of capacity to earn money, and that the rule for estimating damages, of which complaint is made, should be given in charge to the jury. There is no such evidence in this case. It is true that the plaintiff swore that when the accident happened he was work-

ing for the company as a lineman, and that as a result of the injury he was stiff in the instep, that he could not walk well, and that his ability as a lineman had totally failed him, so far as climbing is concerned, yet he also swore that at the time of the accident he was earning $60 per month, and that after the accident and when he was able to return to work he went to work again for the company at the same wages, and continued to work for them for nearly two years after the injury. He also swore: "When I left the work of the defendant company I quit voluntarily. I was not discharged. They were ready and willing to keep me and continue my employment." He further testified that the job he had when he was injured was at the time of the trial paying $85 per month, and that he was earning $3.50 per day. Under the facts shown by the record the plaintiff is not entitled to recover anything for actual pecuniary loss on account of diminished capacity to earn a livelihood, for the evidence fails to show that he sustained any such loss. With what the evidence may show as to this on another trial we have nothing to do. In the excerpt from the charge quoted above, the sentence, "You will find out what the *gross sum* is, if any, if you can from the evidence, and *how much he will have lost* for the remainder of his years, and find what the cash value of *that* would be at the present time, using any arithmetical means with which you are familiar to determine this" (italics ours), is not entirely clear, and may have misled the jury, especially in view of the fact that the plaintiff swore, "My ability to work as a lineman has totally left me, so far as climbing is concerned."

We therefore conclude that the court erred in giving in charge to the jury the rule for ascertaining damages, of which complaint is made.

A new trial must follow the above rulings, and it is unnecessary to consider the other grounds.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*