## 29853. RAILWAY EXPRESS AGENCY INC. *et al. v.* STANDRIDGE.

DECIDED FEBRUARY 20, 1943.

*Alston, Foster, Sibley & Miller,* for plaintiffs in error.
*Houston White,* contra.

SUTTON, J. 1. The evidence did not demand a finding as a matter of law, as contended by the plaintiffs in error, that the collision of the truck of the defendant express company with the automobile of the plaintiff, in which the plaintiff sustained certain injuries, was unavoidable by reason of the fact that the end of the tie-rod, a part of the steering apparatus of the truck, suddenly broke because of a microscopic defect of which the defendants did not know and could not have known by the exercise of ordinary care, but there was evidence which would authorize a finding that the collision was due to a breakdown of defective or loose underpinnings of the truck other than that of the tie-rod end, rendering the truck unmanageable, and that the defendants were negligent in failing to properly inspect and determine that such underpinnings were defective or loose, and that such negligence was the proximate cause of the plaintiff's injuries.

2. It can not be said as a matter of law that the amount of the verdict in favor of the plaintiff was excessive, and, in fact, the plaintiffs in error have apparently abandoned the special ground of the motion for new trial in which such objection is made.

3. Impairment of ability to work and labor is an element of pain and suffering for which damages may be recovered by one who is physically injured by the negligence of another. It is the fact of impairment or loss of ability to work, with or without compensation, that is to be considered by the jury in determining the amount to be allowed for pain and suffering, and no evidence as to earnings is necessary in such calculation, the only standard of measurement being the enlightened conscience of impartial jurors. *Powell* v. *Augusta & Summerville Railroad Co.,* 77 *Ga.* 192, 200 (3 S. E. 757); *Atlanta Street Railroad Co.* v. *Jacobs,* 88 *Ga.* 647, 652 (15 S. E. 825); *Metropolitan Street R. Co.* v. *Johnson,* 90 *Ga.* 500, 508 (16 S. E. 49); *Brush Electric &c. Co.* v. *Simonsohn,* 107 *Ga.* 70 (32 S. E. 902); *A. & W. P. R. Co.* v. *Haralson,* 133 *Ga.* 231 (4) (65 S. E. 437); *City Council of Augusta* v. *Owens,* 111 *Ga.* 464 (8) (36 S. E. 830); *Atlanta, Knoxville & Northern Railway Co.* v. *Gardner,* 122 *Ga.* 82 (2) (49 S. E. 818);

*Southern Railway Co.* v. *Hutcheson,* 136 *Ga.* 591 (71 S. E. 802);
*City of Atlanta* v. *Hampton,* 139 *Ga.* 389 (7) (77 S. E. 393);
*Southern Railway Co.* v. *Ray,* 155 *Ga.* 579 (4) (118 S. E. 53);
*City of Rome* v. *Ford,* 13 *Ga. App.* 386 (79 S. E. 243); *West* v.
*Moore,* 44 *Ga. App.* 214 (2) (160 S. E. 811); *Langran* v. *Hodges,*
60 *Ga. App.* 567, 569 (3) (4 S. E. 2d, 489).

In *Central Railway Co.* v. *Moore,* 5 *Ga. App.* 562 (53 S. E.
642), it was recognized by this court that a *common tramp,* earn-
ing nothing before his injury, was entitled to recover some amount
for loss of *capacity* to labor. In the present case the court did not
err in admitting, as evidence of the plaintiff's capacity to labor,
testimony that for sixteen years she taught in the public school
system of Atlanta, Georgia, and that because of her injuries for,
which suit was brought she would be unable to resume her pro-
fession of teaching, it being contended in special ground 2 of the
defendants' motion for new trial that there was no evidence that
she was engaged in teaching at the time of her injury or could have
been readmitted as a teacher in the public school system of Atlanta.
It does not lie in the mouth of a wrongdoer to say that one injured
by his negligence would not have decided to resume his vocation
but for his injury. It is the loss of *capacity* to work and labor,
and not the loss of *earnings,* for which the plaintiff is entitled to
compensation, as a part of pain and suffering, when physically in-
jured by the negligence of another, and the rule is applicable in
the case of a married woman having a capacity to earn money in
employment outside of her household, and evidence of her capacity
is not to be limited to household duties as a wife. Language re-
lied on by the plaintiffs in error, as quoted from *Georgia Railroad &
Banking Co.* v. *Tice,* 124 *Ga.* 459 (52 S. E. 916, 4 Ann. Cas. 200),
with respect to the necessity of showing actual earnings at the time
of the injury is not applicable here, where a married woman is en-
titled to recover for impairment of *capacity* to work and labor as
a part of pain and suffering, the language used in the *Tice* case
having reference to the necessity of proof by the husband, suing
for the loss of his wife's services, of the wife's *earnings* to which
under the facts of the case he was entitled.

4. The excerpt of the charge complained of in special ground
3 of the motion for new trial was in accordance with the princi-
ples of law ruled in the preceding paragraph, and was not error
for any reason assigned.

5. The court did not err in charging the jury as follows: "I charge you under the law of Georgia every person operating a vehicle upon the highways shall observe the following rules and regulations: an operator meeting another vehicle coming from the opposite direction on the same highway shall turn to the right of the center on said highway so as to pass without interference. . . If you find, gentlemen, that this law or these ordinances, or any of them, has been or have been violated by these defendants, then that violation on the part of the defendants would be negligence per se, that is, negligence by reason of the violation of the laws of the State and valid ordinances of the city. If, on the other hand, you find that these laws, or these ordinances, or none of them, were violated by these defendants, it would not be a question of such negligence." In special ground 4 of the motion for new trial error was assigned on the ground that the charge was not adjusted to or adapted to the evidence, in that the statute referred to by the court has reference only to an intentional or volitional act of the operator of a vehicle, and by the charge the court in effect instructed the jury that it was the absolute duty of the driver of the truck to turn to the right when meeting the automobile of the plaintiff, a failure to do which was negligence per se, whereas the court should have qualified the charge by stating that if the driver of the truck was unable to guide or steer it because of a mechanical failure in the truck itself he would not be guilty of a violation of the statute and would not be negligent in that particular.

The plaintiff alleged that at the time of the collision the defendant's driver was violating the statute of this State (Code, § 68-303 (c)) requiring that "An operator meeting another vehicle coming from the opposite direction on the same highway shall turn to the right of the center on the highway, so as to pass without interference," and also an ordinance of the City of Atlanta, wherein the collision occurred, requiring that "unless impracticable due to obstructions, or when passing another vehicle, operator shall drive upon the right half of the roadway at all times" except upon one-way streets. A properly certified copy of the city ordinance was admitted in evidence. The statute and ordinance in question do not relate merely to an intentional failure to observe such requirements but also to a negligent omission to do so, and if, as the jury might have found from the evidence, the failure of

the operator of the truck to comply with the statute and ordinance was because of the defendant's negligence in failing to maintain the truck in condition to be turned to the right under the circumstances of the case, the defendant can not be heard to say that its driver was excusable because he did not intentionally fail to comply with the statute and ordinance, no emergency having been created by another which rendered his compliance impossible or excusable. It was the duty of the defendant to maintain the truck so as to permit the driver to comply with the regulations, and the jury was authorized to find that the underpinnings of the truck other than that of the tie-rod end, which latter part the defendant contended contained a microscopic defect not discoverable by the exercise of ordinary care and unknown to it, were defective or loose, rendering the truck unmanageable. In these circumstances the driver of the truck was not relieved of his duty under the law, and the charge of the court was not error for any reason assigned. The court charged the jury that the defendant would not be liable if the collision was due to an accident without fault of the defendant, and if a charge in the language of the qualification invoked by the defendant was desired, a timely written request therefor should have been made.

6. The court did not err in charging the jury: "Every motor vehicle, tractor and motorcycle, while in use or operation upon the streets or highways, shall at all times be provided and equipped with efficient and serviceable brakes. . . If you find, gentlemen, that this law or these ordinances, or any of them, has been violated by these defendants, then that violation on the part of the defendants would be negligence per se, that is, negligence by reason of the violation of the laws and valid ordinances of the city. If, on the other hand, you find that these laws, or these ordinances, or none of them, were violated by these defendants, it would not be a question of such negligence." In ground 5 of the motion for new trial it was complained that there was no evidence that the defendant's truck was not equipped with such brakes as are required by the statute, and that the charge was not applicable to any issue made by the evidence. The Code, § 68-302, provides: "Every motor vehicle, tractor, and motorcycle, while in use or operation upon the streets or highways, shall at all times be provided and equipped with efficient and serviceable brakes," etc. It

was alleged in the plaintiff's petition that at the time of the collision the defendant was violating the provisions of this statute, and also the provisions of a valid and existing ordinance of the City of Atlanta, as follows: "All motor vehicles shall be equipped with two sets of adequate brakes kept in good repair at all times." A properly certified copy of the city ordinance was admitted in evidence. It can not be said as a matter of law, from the evidence as to the conduct of the defendant's truck while its driver was, according to one or more witnesses, endeavoring to control it so as to avoid a collision with the automobile of the plaintiff, that the jury was not authorized to find that the truck was not equipped with efficient brakes, and the charge complained of was pertinent and applicable to the evidence.

7. The charge of the court that, "You will determine from the evidence in this case what sort of injury the plaintiff received, its character for producing or not producing pain, the mildness or intensity of the pain, its probable duration, whether it has ceased, or whether it continues to this date, or whether it will continue in the future, and then desiring to be just and fair to both parties you would give to the plaintiff, if she recovers in this case, just such sum as you think would be fair compensation for the pain and suffering and any impairment of bodily health and vigor which was due to the injury received on this occasion, provided you believe she is entitled to recover. As to the amount, gentlemen, for pain and suffering, the law declares there is no standard by which to measure it except the enlightened consciences of impartial jurors," was not error for the reasons urged in special ground 6 of the motion for new trial that it authorized the jury to award an amount for pain and suffering and an additional amount for impairment of bodily health and vigor. In *Atlanta Street Railroad Co.* v. *Jacobs,* supra, it was held: "It is not error to describe as pain and suffering a loss of capacity to labor occasioned by a physical injury, nor is it error to call attention to it separately after instructing the jury touching other pain and suffering." In the opinion it was said: "Grant that the entire subject of pain was dealt with in a previous part of the charge of the court, the jury could not have understood from the instructions added on the subject of impaired power to labor that they were to give double damages for pain and suffering. . . It seems to us that the loss or material

impairment of any power or faculty is matter for compensation irrespective of any fruits, pecuniary or otherwise, which the exercise of the power or faculty might produce; and irrespective, also, of any conscious pain or suffering which the loss or impairment might occasion. . . That such deprivation or impairment can be classed with pain and suffering was ruled by this court in *Powell* v. *Railroad Co., 77 Ga.* 200; and inasmuch as enforced idleness or diminished efficiency in offices of labor is calculated to give rise to mental distress, it is not error to describe the thing by its effects and call it pain and suffering. But it need not be so called necessarily, and consequently it was not misleading for the court to treat of it separately as a subject-matter for compensation in damages, although the plaintiff was a married woman." See also *Brush Electric Co.* v. *Simonsohn,* supra. Taken in connection with the entire charge of the court it could not reasonably be said that the jury was misled into the belief that after finding a *total amount* to be awarded for pain and suffering they could also award an additional amount for loss or impairment of capacity to work and labor, but only that in arriving at the *total amount* to be allowed for pain and suffering they could consider as an element thereof loss or impairment of capacity to work and labor. The jury could award an amount for pain and suffering naturally arising from physical injury and, in the case of one having a capacity to work or labor, an award for such loss or impairment, and include in its verdict a total of the two amounts as pain and suffering. The jury could not reasonably be said to have been misled, because the court elsewhere charged the jury: "She claims, gentlemen, as one item of damage for pain and suffering her inability or reduced capacity to work, and I charge you in considering the amount to be awarded for pain and suffering, and as a part thereof and not separately, you may consider, if the evidence shows it, her inability or reduced capacity to work."

8. The charge of the court complained of in special ground 7 of the motion for new trial, "Gentlemen, in passing upon the evidence in this case I ought to call your attention to the fact that direct evidence is that which points immediately to the question at issue. Circumstantial evidence is that which only tends to establish the issue by various facts and circumstances sustaining by their consistency the hypothesis claimed," was not error for any

reason assigned in special ground 7 of the motion for new trial, but was pertinent and applicable to the evidence.

*Judgment affirmed.* *Stephens, P. J., and Felton, J., concur.*