40160.   LAIL v. WRIGHT.

Decided July 3, 1963—Rehearing denied July 23, 1963.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Ben Smith,* for plaintiff in error.

*Vernon W. Duncan, Conley Ingram, Russell Ford, Sr.,* contra.

RUSSELL, Judge. ■ When this case was here before the issue was raised by demurrer as to whether actionable negligence was charged in statements that the defendant "allowed" his foot to slip from the brake onto the gas pedal, lurching the car forward and throwing the plaintiff to the ground where he sustained a broken hip and other physical injuries. The court stated that the language imported conscious knowledge on the part of the defendant whereby he let his foot slip onto the accelerator, and that whether in fact the injury resulted from accident or from the failure of the defendant to exercise ordinary care was a jury question. Upon trial the fact that the injury occurred in the manner described was undisputed, and, as to why it occurred, the defendant could only say that his foot slipped off the brake and hit the gas throttle and pushed it open. He characterized this action on his part as inadvertent and accidental, from which the natural inference is that the defendant did not intend to put the car in motion and did not intend to throw the plaintiff

from the vehicle and thereby injure him. "The word 'accident' as applied to personal-injury cases often has a lay meaning as referring to any unintentional act, whereas it has a legal meaning as referring to an injury which occurs without being caused by the negligence of either the plaintiff or the defendant." *Bush v. Skelton*, 91 Ga. App. 83 (1a) (84 SE2d 835). The motion for judgment notwithstanding the verdict, as well as the motion for a new trial on the general grounds, is based on the premises that the evidence does not show the defendant moved his foot with that "conscious knowledge" which the court said the language of the petition embraced, and as a result it is contented that there is no evidence to support the verdict as rendered. Such a construction of the language of the court is untenable because the same sentence states that the issue is whether the defendant exercised *ordinary* care—in other words, the issue is ordinary negligence, whereas a construction of the language necessary to reach the conclusion urged by the defendant would import conscious intent, which would be wilful and wanton negligence. In the same manner, the evidence of the defendant to the effect that his foot slipped off the brake "accidentally" does not mean that this happened without any responsibility on his part (a question for the jury and not the defendant to decide) but rather that it happened without any intent on his part to move the car forward and injure the plaintiff. Nothing in the language of the first opinion in this case requires the plaintiff to show more than lack of ordinary care, which the undisputed facts amply reveal. The trial court properly overruled the motion for judgment notwithstanding the verdict.

The petition charged the defendant with "(a) failing to keep his Plymouth automobile under proper control at all times, same constituting gross negligence," and "(b) failing to exercise due care for the safety of your plaintiff, which constitutes gross negligence," and also charged gross negligence (c) in allowing his foot to slip off the brake, (d) in allowing his foot to hit the gas pedal while plaintiff was removing himself from the car, (e) injuring the plaintiff in the manner alleged, and (f) failing to observe the plaintiff attempting to get out of the automobile. On the prior appeal, *Wright v. Lail*, 105 Ga. App. 261 (124 SE2d

487), the court held that although under the facts alleged it was not necessary for the plaintiff to allege and prove gross negligence rather than ordinary negligence, nevertheless "we must rule upon the specific points raised by the demurrer"; that accordingly, subgrounds (c), (d) and (f) sufficiently charged gross negligence and it was error to sustain demurrers to them, but subgrounds (a) and (b) constituted "no more than a charge of a failure to exercise ordinary care," for which reason demurrers to these specifications of negligence were properly sustained.

When the court charged the jury at the conclusion of this case he treated subgrounds (a) and (b) as remaining in the case, read them to the jury with other allegations of the petition, instructed that the plaintiff would have a right to recover if he proved "the defendant was negligent in some one or more or in all of the respects and particulars named in the plaintiff's pleadings" and failed to instruct that sustaining special demurrers to subgrounds (a) and (b) deleted these allegations of negligence from the case. To this extent the charge was erroneous, and the rule is unquestioned both that a judgment sustaining a special demurrer to an allegation of negligence is an adjudication that it constitutes no legal basis for recovery, and also that this is a material issue as to which an erroneous charge is not rendered harmless by a subsequent statement of the correct principle unless the court expressly calls attention to and retracts the incorrect statement. *Executive Com. of Baptist Convention v. Ferguson,* 213 Ga. 441 (1) (99 SE2d 150). This case differs from *Ferguson,* and also from the cited cases of *Atlantic C. L. R. Co. v. Godard,* 211 Ga. 373 (86 SE2d 311) and *Central of Ga. R. Co. v. Keating,* 177 Ga. 345 (170 SE 493), in that in these cases the stricken matter allowed a recovery for an act not sufficient in law to constitute negligence, while here the plaintiff's recovery was or might well have been based on ordinary negligence of the defendant. Subgrounds (a) and (b) would be appropriate to a case of ordinary negligence and were stricken only because they alleged that the defendant's failure to exercise "due care" and keep the car under "proper control" constituted acts of gross negligence, which they do not. They are, however, merely conclusions dependent upon the remaining facts and allegations of negligence for their vital-

ity; of themselves they added nothing not otherwise included upon which a right of recovery might be predicated, since both due care and proper control refer to the specific acts committed by the defendant in allowing the vehicle to lurch forward. See *Western &c. R. v. Crawford*, 47 Ga. App. 591 (2) (170 SE 824). As the case is being reversed on other grounds, it is not necessary to decide whether the error complained of in special grounds 4, 5, 6 and 7 would under these circumstances be sufficient to require reversal.

3. Special ground 8 contends that it was error for the court to charge: "If you find in the plaintiff's favor, and if you find that he is entitled to recover for diminution in his capacity to work and as an element of pain and suffering, I charge you that the standard of measuring such damages is the enlightened consciences of fair and impartial jurors. On such question there would be involved the matters of age, earnings he was making at the time of his injury and prior thereto, what earnings he may be making in the future. . . Capacity to work is an item of general damages. The amount is in the discretion of the jury, based upon the evidence. . . But as I say in the matter of loss of future earnings however granted [this] would be an item which would be reduced to its present cash value."

The first sentence, that the plaintiff may recover for diminution in his capacity to work and labor as an element of his pain and suffering, is correct. *Wall Realty Co. v. Leslie*, 54 Ga. App. 560 (3) (188 SE 600). Its measure is the enlightened consciences of impartial jurors. *Atlanta St. R. v. Jacobs*, 88 Ga. 647, 652 (15 SE 825). The last sentence to the effect that loss of future earnings must be reduced to present cash value, is also correct. *Florida Central &c. R. Co. v. Burney*, 98 Ga. 1, 8 (26 SE 730). The court however, instructed the jury that they might, in arriving at compensation for diminution in capacity to work and labor as an element of pain and suffering, consider "what earnings he may be making in the future," and that "on such question" the measure of "such damages" is the enlightened conscience of impartial jurors. He also instructed them elsewhere in the charge that the plaintiff sued for loss of earnings in the future and "if you should find that he is entitled to

recover for loss of earnings in the future, then [you] would reduce any amount that you might award him for future earnings to their present cash value" and followed these instructions by reiterating that compensation for loss of future earnings *however granted* should be so reduced. Under these circumstances we think the position of the plaintiff in error well taken that the court gave two conflicting rules for the award of compensation for lost future earnings under which a double recovery might be made as to a single item of damage. See *Central of Ga. R. Co. v. Morgan,* 145 Ga. 656 (2) (89 SE 760); *Georgia Sou. &c. R. Co. v. Wright,* 130 Ga. 696 (1) (61 SE 718). In *Southern R. Co. v. Ray,* 155 Ga. 579 (118 SE 53) the court, pointing out that the jury may classify an impairment of ability to work and labor as an element of damage to be considered in connection with pain and suffering, met the double damage criticism by holding that the court in that charge nowhere instructed the jury that the measure of plaintiff's damage as to an impaired ability to labor in the future (pain and suffering) was the value of his time lost and to be lost. Here the jury was specifically instructed that loss of future earnings might be considered in determining the measure of damages for diminution of capacity to work and labor as an item of pain and suffering. It cannot be said that the error was not such as to confuse and mislead the jury, and it therefore necessitates a reversal of the case.

4. Where the evidence is in conflict as to whether or not the injury is permanent, it is error to instruct on the use of the mortality tables without saying in the same connection that the mortality tables are not applicable to the case in the event the jury should find the injury is not of a permanent character. *Southern R. Co. v. Daniell,* 102 Ga. App. 414, 421 (116 SE2d 529); *Western &c. R. Co. v. Smith,* 145 Ga. 276 (6) (88 SE 983). An inference that the injury suffered by this plaintiff was permanent was clearly authorized by testimony showing that, two years after the event, he suffered continued physical pain and disability. *Southern R. Co. v. Clariday,* 124 Ga. 958 (53 SE 461); *Southern R. Co. v. Hill,* 125 Ga. 354 (54 SE 113). There was in addition uncontradicted testimony by a physician that there was a 15% permanent physical disability. Whether the evidence

demanded a finding that the injury was permanent, which would have rendered such instruction unnecessary, need not be decided since the case is to be tried again.

The trial court did not err in overruling the motion for judgment notwithstanding the verdict, but erred in overruling the motion for a new trial.

*Judgment affirmed in part; reversed in part. Felton, C. J., and Eberhardt, J., concur.*