## 22212. WRIGHT v. LAIL.

QUILLIAN, Justice. The case sub judice is here by writ of certiorari to the Court of Appeals. *Lail v. Wright,* 108 Ga. App. 223 (132 SE2d 519). The sole question before this court is whether the trial judge erred in his charge as to what might be considered by the jury in ascertaining damages. The pertinent portions of that charge read: "If you

should find that he [the plaintiff] is entitled to recover for loss of earnings in the future, then [you] would reduce any amount that you might award him for future earnings to their present cash value. . . . If you find in the plaintiff's favor, and if you find that he is entitled to recover for diminution in his capacity to work and as an element of pain and suffering, I charge you that the standard of measuring such damages is the enlightened consciences of fair and impartial jurors. On such question there would be involved the matters of age, earnings he was making at the time of his injury and prior thereto, what earnings he may be making in the future, the probability of increased or decreased earnings in the future . . . Capacity to work is an item of general damages. The amount is in the discretion of the jury, based upon the evidence . . . But as I say in the matter of the loss of future earnings however granted would be an item which would be reduced to its present cash value . . ."

The attack made by the defendant below in his special ground of the motion for new trial was that the court gave two conflicting rules for the award of compensation for lost future earnings under which a double recovery might be made as to a single item of damage. On writ of error to that court, the Court of Appeals held in division 3 of their opinion: "It is error, after instructing the jury that the plaintiff may recover for loss of future earnings reduced to present cash value, and may also recover for diminution of his capacity to work and labor as an element of pain and suffering, to state that on the latter question the jury may consider lost future earnings, since this allows the plaintiff a double recovery for a single item of damage." We granted certiorari to determine the correctness of that ruling. *Held:*

There are two separate and distinct elements of damages involved in the instant case. The first is the diminution of one's capacity to work and labor, *Powell v. Augusta &c. R. Co.*, 77 Ga. 192, 200 (10) (3 SE 757), *Atlanta Street R. Co. v. Jacobs*, 88 Ga. 647, 652 (15 SE 825), which is termed an element of pain and suffering, *Wall Realty Co. v. Leslie*, 54 Ga. App. 560 (3) (188 SE 600), although it need not necessarily be so classified. *Atlanta Street R. Co. v. Jacobs*, 88 Ga. 647, supra; *Atlanta &c. R. Co. v. Haralson*, 133 Ga. 231, 236 (65 SE 437). The rule for determining such dam-

ages is the enlightened conscience of fair and impartial jurors. *Railway Exp. Agency v. Standridge,* 68 Ga. App. 836, 837 (24 SE2d 504). The second is the diminution of one's capacity to earn money. *Brush Electric Co. v. Simonsohn,* 107 Ga. 70, 73 (32 SE 902). The measure of such damages involves numerous considerations, among which are the earnings before the injury, earnings after the injury, probability of increased or decreased earnings in the future. *City Council of Augusta v. Drawdy,* 75 Ga. App. 543, 547 (43 SE2d 569); *Atlantic C. L. R. Co. v. Hansford,* 85 Ga. App. 507, 511 (69 SE2d 681). Thus, this is based on a pecuniary decrease in or loss of future earnings.

In the present case the trial judge quite properly charged the law as to diminution of ·capacity to labor and its standard of measurement. However, he followed this portion of his charge, without interruption or explanation, with the standards normally to be used in determining the diminution of one's capacity to earn money and then concluded: "in the matter of the loss of future earnings however granted would be an item which would be reduced to its present cash value. . . ." The Court of Appeals held that such charge allowed a double recovery for future earnings, since the trial judge had instructed the jury in a prior portion of the charge concerning loss of future earnings, and therefore was harmful error to the defendant.

Indeed if such charge were harmful error, it was harmful to the plaintiff and not to the defendant. See in this connection *Southern R. Co. v. Ray,* 155 Ga. 579, 584 (118 SE 53); *Chancey v. Shirah,* 96 Ga. App. 91, 96 (99 SE2d 365). This court has held that it is not necessary, before a plaintiff can recover on account of lessened ability to labor, that he must show by evidence the pecuniary value thereof. As was pointed out in *Atlanta &c. R. Co. v. Haralson,* 133 Ga. 231, 235, supra: "If a plaintiff seeks to recover for pecuniary losses resulting from lost time or permanent diminution of capacity to labor and earn money, he should introduce evidence on which to predicate such a recovery. But it has been held in this State that permanent diminution of capacity to labor is an element of damages for the consideration of the jury, in determining the amount of such recovery, along with evidence as to pain, suffering, disfigurement, or the like although no pecuniary value is proved by the evidence.

It has been said that the loss of capacity to work is in the nature of pain, though no pecuniary loss be shown." See *City Council of Augusta v. Owens,* 111 Ga. 464, 479 (8) (36 SE·830); *City of Atlanta v. Hampton,* 139 Ga. 389, 390 (7) (77 SE 393); *Rome R. &c. Co. v. Duke,* 26 Ga. App. 52, 54 (105 SE 386); *City of Manchester v. Beavers,* 38 Ga. App. 337, 341 (144 SE 11). Loss of capacity to work is an item of general damages, the amount of which is within the discretion of the jury; for "there is no standard but the enlightened conscience of impartial jurors." *Atlanta Street R. Co. v. Jacobs,* 88 Ga. 647, 653, supra. Furthermore, impairment of ability to labor in the future need not be reduced to present cash value. *Southern R. Co. v. Bottoms,* 35 Ga. App. 804 (2) (134 SE 824); *Chancey v. Shirah,* 96 Ga. App. 91, 95, supra. Hence, the trial judge's charge may have unduly restricted the jury in their consideration of damages resulting from a diminished capacity to labor and erroneously confined such damages to their present cash value, but it in no way influenced their determination as to allow a double recovery for a single item of damage.

This court and the Court of Appeals have approved similar charges on applicable principles of law by a trial judge, under almost identical circumstances, where substantially the same criticism was made by motion for new trial. *Brush Electric Co. v. Simonsohn,* 107 Ga. 70, 72 (2), supra; *Atlanta Street R. Co. v. Jacobs,* 88 Ga. 647, supra; *Atlanta &c. R. Co. v. Haralson,* 133 Ga. 231, supra; *Langran v. Hodges,* 60 Ga. App. 567, 570 (4 SE2d 489); *Rome R. &c. Co. v. Duke,* 26 Ga. App. 52, supra; *Jones v. Hutchins,* 101 Ga. App. 141 (113 SE2d 475); *McDuffie v. Tanner,* 108 Ga. App. 213, 217 (132 SE2d 675).

No error harmful to the defendant appearing, the Court of Appeals erred in holding that the charge in question confused and misled the jury.

*Judgment reversed. All the Justices concur.*

Argued January 13, 1964—Decided February 6, 1964.

*Allen, Duncan & Ford, Reed, Ingram, Flournoy & Custer,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, Warner R. Wilson, Jr., Frank Love, Jr.,* contra.